**Pamela J. JORDAN, Plaintiff–Appellant,**

v.

**Paul H. O'NEILL, Secretary, U.S. Department of the Treasury [1] Defendant–Appellee.**

**No. 01–1768, 01–2266.**

United States Court of Appeals, Seventh Circuit.

---

1. Customs is within the Treasury Department, and Jordan properly names the Secretary of the Treasury as the Defendant. Due to the duration of the litigation, there has been three

Secretaries during this time, so the cases below are variously cited as *Jordan v. Rubin, Jordan v. Summers,* or *Jordan v. O'Neill.* This

Submitted Oct. 18, 2001 [2].

Decided Feb. 5, 2002.

Before FLAUM, Chief Judge, BAUER, and CUDAHY, Circuit Judges.

## ORDER

In this successive appeal, Pamela Jordan, an African–American woman, argues

opinion will cite the cases by the appellations *Jordan I, Jordan II,* and *Jordan III* instead.

**2.** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

that the district court erred in dismissing her complaints against her employer, United States Customs Service (Customs), for racial discrimination. We affirm.

## I.

This case involves the complaints of Jordan from 1991 to 1994 of discrimination by Customs in Indianapolis, Indiana. This Court previously considered one of Jordan's later complaints of discrimination, a 1995 formal complaint of discrimination, which resulted in *Jordan v. Summers*, 205 F.3d 337 (7th Cir.2000) (*Jordan I*). The case before us involves Jordan's earlier complaints from 1991 to 1994 that whites who were less qualified than Jordan were being promoted to accounting positions. For example, all of the employees who were promoted to accounting positions during this period are white. Further, all white employees who obtained the minimum requirement of 24 hours of college accounting were promoted to the position of accountant, while Jordan, who had more than 24 hours of accounting and had a degree in accounting was not promoted.

Jordan informally complained on January 2, 1991, to Maxine Gilliam, a counselor with the Equal Employment Office (EEO) of Customs, about racial and sex discrimination in promotion and training for the position of accountant at the National Finance Center of Customs in Indianapolis, Indiana. The EEO has a function similar to the EEOC insofar as the EEO seeks to enforce the anti-discrimination laws. However, the EEO is part of Customs and is concerned only with Customs employees. At the behest of Gilliam, Jordan subsequently filed a formal complaint with Customs. Gilliam transmitted this formal complaint (the 1991 complaint) to another EEO employee. However, the 1991 complaint was never processed beyond that point. In 1994, Jordan filed another complaint with Customs, alleging continuing discrimination and retaliation beginning in April 1988 (the 1994 complaint). Customs did process this complaint. It split the 1994 complaint into two parts, one alleging a continuing violation and the other alleging a separate violation of the anti-discrimination laws. Customs then dismissed the allegations of a continuing violation, and issued to Jordan a notice of right to sue with regard to the continuing violation. She filed a complaint in the United States District Court as Cause Number IP98–1092–C–H/G (*Jordan II*).

The district court examined Jordan's claims of prior acts of discrimination by Customs. It granted partial summary judgment to Customs because Customs was able to offer legitimate, non-discriminatory reasons why Jordan had not been promoted to accountant, but held a bench trial on whether the statute of limitations should apply to other claims. After the trial, the district court found that Jordan had notice of the 45–day statute of limitations and her remaining claims were time-barred.

Subsequently, Customs dismissed the separate violation part of the 1994 complaint because EEOC regulations required that an agency should dismiss the "entire complaint" that is the basis of a pending civil action. A notice of right to sue on the separate violation part of the 1994 complaint was then issued to Jordan. She filed a complaint alleging the separate violation in district court as Cause No. IP00–0157–C–H/G (*Jordan III*). Customs moved to dismiss *Jordan III* on the ground that these charges were essentially the same as the allegations of *Jordan I* and *Jordan II*. The district court agreed and granted Customs's motion to dismiss *Jordan III*.

Jordan appeals from the judgments in both *Jordan II* and *Jordan III*.

## II.

This court has jurisdiction under 28 U.S.C. § 1921. On appeal, Jordan raises three issues which we will address *seriatim.*

### A. Failure to Process Jordan's 1991 Complaint to Customs

 First, Jordan argues that since Customs failed to process her 1991 complaint, she should be entitled to a decision on the merits of that complaint, or for an order directing Customs to process it. Whether the district court should examine the merits of her 1991 complaint of discrimination or whether Jordan should receive an order directing Customs to process her 1991 complaint is an issue of law reviewed de novo. *See Harrell v. Cook,* 169 F.3d 428, 431 (7th Cir.1999). In *Jordan I,* we held that public employees have no claim against the EEO for failure to process a discrimination complaint. *Jordan I,* 205 F.3d 337, 342 (7th Cir.2000). Instead, we suggested that an employee asserting such a grievance could go to district court for a decision on the merits. By "merits of the case," we were referring to the underlying discrimination claim, not the failure to process claim. Thus, we reiterate that the failure to process a complaint does not state a discrimination claim against the agency; that is what we said in *Jordan I.* However, *Jordan I* does require the district court to consider the underlying discrimination claim against the employer "on the merits."

Jordan argues that the district court did not consider her 1991 complaint on the merits. However, in the entry of partial summary judgment in *Jordan II,* the district court addressed Jordan's claims of discrimination prior to 1994. *See* Entry on Defendant's Motion for Summary Judgment (March 2, 2000). The district court found that such claims would be time-barred by 29 C.F.R. § 1614.105(a)(1), which imposes a limitations period of 45 days from the date of the discrimination, unless the plaintiff did not receive actual or constructive notice of the time limit. *See id.* at 9.

In this connection, the district court did not grant summary judgment to Customs on the pre–1994 discrimination claims because the court found a disputed issue of material fact as to notice. *See id.* at 10. After a bench trial on this issue, the district court found that Jordan had notice of the time limit and all claims prior to November 21, 1991, the effective date of the Civil Rights Act of 1994, were time-barred. *See* Findings of Fact and Conclusion of Law on "Statute of Limitations" Defense to Certain Claims (Dec. 29, 2000). To the extent that Jordan's January 1991 complaint to Customs alleges discriminatory actions occurring before November 21, 1991, those underlying claims were decided on the merits. To the extent that her 1991 complaint alleges discriminatory acts occurring after November 21, 1991, those claims were also decided on the merits. In a footnote to the grant of partial summary judgment for *Jordan II,* the district court noted that Judge Tinder, in addressing Jordan's later 1995 complaint to Customs, had held that Jordan failed to establish a "continuing violation." *See* Entry on Defendant's Motion for Summary Judgment (March 2, 2000), at 10–11 n. 1. Jordan had not appealed that aspect of the judgment in *Jordan I.* After expressing uncertainty over whether this precluded Jordan from raising the continuing violation theory in *Jordan II,* Judge Hamilton ruled that "the continuing violation theory is not available to Jordan for alleged discrimination occurring before 1994." *Id.* Therefore, any discrimination that Jordan might have complained about in her 1991 complaint to Customs was addressed by the district

court "on the merits." As we have noted, her failure to process claim is not viable. That claim having dropped out, the district court decided her discrimination claims on the merits in *Jordan II.*

### B. Failure to Admit the Treasury EEO's investigator's report

■ In addition, Jordan argues that the district court's failure to admit an EEO investigator's report that Customs failed to provide information about Jordan's 1994 complaint to the EEO was an abuse of discretion. As Jordan concedes, we review a district court's rulings on the admissibility of evidence under that standard. *Old Chief v. United States,* 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Here, after permitting Jordan an opportunity to argue the point, the district court refused to admit the report on the grounds that it was irrelevant, and its probative value would be "far outweighed by the potential for the waste of time." Trial Tr., at 47–53. Jordan argues that the investigator's report was relevant because it showed a pattern of conduct by Customs in failing to provide information to complainants with discrimination complaints. Ostensibly, this was relevant to whether she was informed about the 45–day time limit. This argument is not persuasive. The investigator's report was submitted in the bench trial on the issue whether Jordan had notice of the 45–day time limit to file her discrimination complaints. Whether Customs did or did not provide information to the EEO investigator (in contradistinction to Jordan) is not relevant to the notice question. It is tenuous at best to conclude that Custom's alleged failure to provide an investigator with information about the 1994 complaint shows that Customs did not provide information to Jordan about the 45–day time limit. Thus, the district court did not abuse its discretion is

denying admission of the report on the ground of relevance.

### C. Dismissal for Failure to State a Claim.

Finally, Jordan claims that the district court dismissed *Jordan III* without legal grounds. Customs had moved to dismiss *Jordan III* for failure to state a claim. Customs argued that most of the complaint of separate violation of the anti-discrimination laws by Customs had been replicated in *Jordan II,* previously decided by the district court. Customs argued that the only new claim was the claim for failure to process the 1994 complaint. *See* Defendant's Motion to Dismiss. Since this claim was foreclosed by *Jordan I,* Customs argued that *Jordan III* did not state a claim and must be dismissed. In her memorandum opposing dismissal, Jordan argued that a complaint of separate violations of the anti-discrimination laws (*Jordan III* ) was not the same as a complaint of continuing violations of the anti-discrimination laws (*Jordan II* ), and therefore *res judicata* did not apply to bar the latter allegations. *See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, at 2, 6. The district court agreed with Customs, and dismissed *Jordan III.*

We review a district court's dismissal of a complaint de novo. *Wynn v. Southward,* 251 F.3d 588, 591–92 (7th Cir.2001). The district court properly dismissed those aspects of *Jordan III* that involved a failure to process formal complaints. *See Jordan I, supra* (holding that a failure to process a formal complaint by a federal agency is not a cognizable claim under Title VII). As to those aspects of *Jordan III* that did not relate to a failure to process a claim (i.e., the separate violation claim), the district court held that it had addressed that claim when it ruled on *Jordan II. See* Entry on Defendant's Motion to Dismiss

(March 16, 2001), at 2. "Thus, regardless of how Jordan's claims proceeded administratively, the court agrees with the defendant that Jordan's complaint adds nothing further to her prior federal law suit." *Id.*

 Although the district court did not use the words, *res judicata,* we may affirm on any grounds that has a basis in the record and was argued below. *Payne v. Churchich,* 161 F.3d 1030, 1038 (7th Cir.1998). Here, Customs was certainly arguing *res judicata* when it held that the complaint was "essentially the same" as the complaints in *Jordan I* and *Jordan II.* Customs should have more properly asked for dismissal of the complaint on the grounds of *res judicata* (as to those claims involving discrimination by Customs) and failure to state a claim (as to those claims involving failure to process by the EEO). But, despite this lack of clarity in the motion to dismiss, the principle of *res judicata* was raised. Jordan's argument that *res judicata* does not apply because a claim that is "essentially the same" as another claim is not "the same" is, although perhaps technically correct, not persuasive in this case. Here, the district court resolved Jordan's separate violation claim (the allegation in *Jordan III* ) when it determined that she had no continuing violation claim (the allegation in *Jordan II* ) because the nucleus of operative facts was the same, even if the characterization of the claim as continuing or separate was different. The alleged separate violation was the failure by Customs to promote her to accountant. The continuing violation involved prior discriminatory acts that had resulted in Jordan's not being promoted to accountant. The district court had held in *Jordan II* that Customs had put forward legitimate, non-discriminatory reasons for

its refusal to promote her. Thus, *res judicata* applies to *Jordan III* because the same parties were involved, the same claims were litigated, and there was a decision on the merits. *See Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir.1996) (defining the elements of *res judicata* ). Thus, we affirm the dismissal of *Jordan III.*

### III.

For the foregoing reasons, we AFFIRM the judgments of the district court.