UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 12, 2005
Decided December 23, 2005

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1788

PAMELA JORDAN,

      *Plaintiff-Appellant,*

    *v.*

MICHAEL CHERTOFF, SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY,
      *Defendant-Appellee.*

Appeal from the United States District
Court for the Southern District
of Indiana, Indianapolis Division.

No. IP 01-1930-C-M/S

Larry J. McKinney,
*Chief Judge.*

## ORDER

In this successive appeal, Pamela Jordan alleges that her former employer, the United States Customs Service ("Customs"),[1] discriminated against her on the

---

[1] On March 1, 2003, the United States Customs Service became part of the Department of Homeland Security. Prior to that date, Customs was an agency within the Department of the Treasury.

basis of her race and in retaliation for filing complaints alleging discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Specifically, Jordan alleges Customs discriminated against her by: (1) terminating a temporary assignment detail to the Forfeiture Fund Team (FFT); (2) failing to reassign her permanently to the FFT; and (3) excluding her from overtime hours on the FFT. On appeal, Jordan contends the district court erred when it granted summary judgment in favor of Customs on the basis of *res judicata.* She also maintains the grant of summary judgment was improper because the district court failed to first rule upon her motion for an extension of time to file a surreply brief in opposition to Customs's motion for summary judgment. Because Jordan has not presented a genuine issue of material fact and Customs is entitled to judgment as a matter of law, we affirm the district court's grant of summary judgment in favor of Customs.

## I. BACKGROUND

We previously considered and rejected Jordan's claims that she failed to receive a lateral reassignment to the FFT in September 1996 and did not receive a promotion to the position of operating accountant in November 1996 on account of her race and in retaliation for complaining about discrimination. *See Jordan v. Ridge,* 2005 WL 1389596 (No. 04-2094, 7th Cir. June 8, 2005) (unpublished). Additional background about her employment with Customs can be found in that order.

In 1988, Customs hired Pamela Jordan, an African American woman, as a G-5 accounting technician. Jordan worked at the National Finance Center in Indianapolis, which was made up of four groups, including the Accounts Payable Group and the Financial Reporting and Analysis Group. Jordan spent her first few years working within several units of the Accounts Payable Group, including the Internal Recurring Obligation ("IRO") unit. However, on multiple occasions, she requested a "detail" to the Forfeiture Fund Team ("FFT"), a unit of the Financial Reporting and Analysis Group. A detail is a temporary assignment to a different position for a specified period of time. An employee on a detail is considered for pay purposes to be occupying his or her regular position, and at the end of the detail period, the employee returns to his or her regular position.

In February of 1995, Customs granted Jordan's request, and detailed her from the IRO unit to the FFT for a period of 120 days. Subsequently, Jordan requested that Customs reassign her to the FFT permanently, and although Customs did not grant this request, it did extend Jordan's detail by another 120 days. Meanwhile, the IRO unit began to suffer a substantial backlog in its primary obligation of paying invoices for recurring services. In October of 1995, the IRO unit was further burdened after losing the services of a summer intern, as well as two clerks who had been detailed from another unit. The loss of these employees, coupled with the fact that invoice backlogs ordinarily rise in October and November

with the start of the new fiscal year, caused the Accounts Payable Group leader to request that Jordan return to the IRO unit.

Prior to the end of her second detail, however, Jordan placed a routine request for overtime. To obtain overtime in both the FFT and the IRO unit, an employee must request overtime and the employee's supervisor must approve the request. Jordan's supervisor did not grant her request, and at the end of her second detail, in November of 1995, FFT sent her back to her previous position with the IRO unit. Jordan never requested a third detail with the FFT. In 1998, Customs permanently reassigned Jordan to the FFT, where she worked until she resigned in 2001.

## II. ANALYSIS

Jordan alleges that Customs failed to permanently reassign her to the FFT, terminated her FFT detail, and denied her request for overtime because of her race and in retaliation for filing administrative complaints. The district court granted summary judgment in favor of Customs on the basis of *res judicata* after first concluding that courts had already rejected many of the allegations Jordan raised.[2] With respect to the only new allegations raised in her complaint (that Customs notified Jordan on November 13, 1995 that it would not extend her FFT detail; that Customs did not reassign Jordan to another FFT position that day; and that Jordan was excluded from overtime), the district court ruled that Jordan should have raised the allegations in *Jordan v. Ridge*, Case No. IP002-236-C-Y/S (S.D. Indiana)*, aff'd* No. 04-2094, 2005 WL 1389596 (7th Cir. June 8, 2005) (unpublished). Because she did not, the district court held that *res judicata* barred those claims as well. On appeal, Jordan maintains that the grant of summary judgment in favor of Customs was improper.

### A.    Summary judgment was proper.

Jordan first contends that the district court erred in granting summary judgment on the basis of *res judicata* because it incorrectly assumed that she filed the related case (Case No. IP002-236-C-Y/S) before this lawsuit, and the district court had previously denied a motion to consolidate the two cases.

We review a district court's grant of summary judgment *de novo*, construing all facts in the light most favorable to the nonmoving party. *Farrell v. Butler Univ.*, 421 F.3d 609, 612 (7th Cir. 2005). Summary judgment is appropriate where "there

---

[2]Jordan has unsuccessfully filed suit against Customs on several previous occasions. *See Jordan v. Chertoff*, No. 04-2094, 2005 WL 1389596 (7th Cir. June 8, 2005) (unpublished); *Jordan v. O'Neill*, Nos. 01-1768, 01-2266, 2002 WL 193784 (7th Cir. Feb. 2, 2002) (unpublished); *Jordan v. Summers*, 205 F.3d 337 (7th Cir. 2000); *Jordan v. Summers*, No. IP 98-1092-C-H/G, 2001 WL 238096 (S.D. Ind. Jan. 24, 2001).

is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. Proc. 56(c). We will affirm a grant of summary judgment if there is any basis in the record that permits us to do so. *See Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000). Because we conclude that Jordan cannot survive summary judgment on the merits of her Title VII claim, we affirm the district court's grant of summary judgment in favor of Customs without addressing Jordan's *res judicata* arguments.

Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of race or to retaliate against an employee for engaging in a statutorily-protected activity. 42 U.S.C. §§ 2000e-2(a)(1); 2000e-3(a) (2000). As Jordan presented no direct evidence of discrimination or retaliation, she must proceed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). First, to set forth a prima facie case of race discrimination, Jordan must show: (1) she is a member of a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) the defendant treated similarly situated employees outside her class more favorably. *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). To set forth a prima facie case of retaliation, Jordan must show: (1) she engaged in a statutorily protected activity; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) the defendant treated similarly situated employees who did not engage in the statutorily protected activity more favorably. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 861-62 (7th Cir. 2005). Second, if Jordan sets forth a prima facie case of either discrimination or retaliation, Customs must then set forth a legitimate, non-discriminatory reason for its action. *Ballance*, 424 F.3d at 617. Finally, assuming Customs has set forth a legitimate, non-discriminatory reason, Jordan has the burden to show that Customs's articulated reasons were actually a pretext for discrimination. *Id.*

To prevail on either her discrimination or retaliation claim, however, Jordan must first show that she suffered an adverse employment action.[3] *Washington v. Illinois Dept. of Revenue*, 420 F.3d 658, 659-62 (7th Cir. 2005). An adverse employment action is a "significant change in the claimant's employment status such as hiring, discharge, denial of promotion, reassignment to a position with significantly different job responsibilities or an action that causes a substantial change in benefits." *Rhodes v. Illinois Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004). A mere inconvenience or an alteration of job-related responsibilities will not

---

[3] This court has recognized that a plaintiff can prevail on her Title VII retaliation claim by showing that she suffered an adverse action that is unrelated to her employment. *See Williams v. Waste Mgmt. of Illinois*, 361 F.3d 1021, 1031 n.4 (7th Cir. 2004). However, where (as here) the plaintiff only alleges that she suffered an employment-related adverse action, we will evaluate her evidence in terms of whether it amounts to an adverse employment action. *See id.*

suffice. *Id.* at 505. Indeed, "not everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996).

Jordan claims that she suffered an adverse employment action when Customs: (1) denied her request for permanent reassignment and terminated her detail with the FFT; and (2) excluded her from overtime. Jordan's first argument fails as the evidence is uncontroverted that Jordan's salary, grade, title, and position description remained the same in both the FFT and the IRO unit. Although Jordan seemed to prefer her work in the FFT, an employee's subjective preference for one position over another is not sufficient to show an adverse employment action. *Herrnreiter v. Chicago Housing Auth.*, 315 F.3d 742, 744-45 (7th Cir. 2002).

Jordan also argues that she was denied beneficial training and cross-training when she could not continue to work in the FFT, which could amount to an adverse employment action. Jordan's argument fails for two reasons. First, the argument is factually inaccurate because Customs did, in fact, provide Jordan with training in the form of a 240-day detail to the FFT. Second, just as in *Jordan v. Chertoff*, No. 04-2094 (7th Cir. 2005), Jordan does not offer any objective evidence, other than conclusory allegations, to support her position that Customs denied her beneficial training. Mere speculation as to how an employee would benefit from a lateral transfer, however, is insufficient evidence to support an adverse employment action. *See O'Neal v. City of Chicago*, 392 F.3d 909, 912-13 (7th Cir. 2004).

Finally, Jordan claims that she suffered an adverse employment action when Customs did not grant her overtime request before sending her back to the IRO unit. However, the alleged deprivation of a discretionary monetary benefit cannot amount to an adverse employment action under Title VII. *Tyler v. Ispat Inland Inc.* 245 F.3d 969, 972 (7th Cir. 2001). Jordan has conceded that in both the IRO unit and the FFT, an employee must request overtime and that request must be approved by the employee's supervisor. Therefore, overtime is discretionary to the extent that a supervisor has the authority to grant or deny overtime requests. More significantly, though, Jordan admitted that she continued to work overtime upon her return to the IRO unit, and her pay on both units was the same. Accordingly, Customs's alleged denial of overtime cannot amount to an adverse employment action.

Because Jordan did not suffer an adverse employment action, the district court properly entered summary judgment in favor of Customs. *See Rhodes*, 359 F.3d at 504-05.

**B.    Failure to first rule on Jordan's motion for an extension to file a surreply brief does not render summary judgment improper.**

Jordan next contends that the district court erred in granting Customs's motion for summary judgment without first ruling on her unopposed motion for an

extension of time to file a surreply brief. Customs filed its reply brief in support of its motion for summary judgment on January 31, 2005. On February 7, 2005, Jordan filed a motion for a thirty day extension of time to file a surreply brief. The district court did not respond to Jordan's motion and, instead, granted summary judgment in favor of Customs on February 22, 2005. The district court's order on summary judgment does not mention Jordan's request to file a surreply.

Jordan contends summary judgment was improper as, she maintains, Southern District of Indiana Local Rule 56.1(d) permitted her to file a surreply brief before the district court ruled on Customs's motion for summary judgment. Local Rule 56.1(d) provides:

> If, in reply, the moving party relies upon evidence not previously cited or objects to the admissibility of the non-moving party's evidence, the non-moving party may file a surreply brief limited to such new evidence and objections, no later than seven days after service of the reply brief.

Although we would have preferred that the district court rule on Jordan's motion, its failure to do does not warrant reversal of its grant of summary judgment in favor of Customs. Jordan has not pointed us to any new evidence that Customs relied upon in its reply brief in support of its motion for summary judgment. Likewise, Jordan does not point us to any objections Customs made in its reply brief to evidence that Jordan sought to admit. In her opposition brief, Jordan objected to the admissibility of personnel documents that Customs relied upon in its motion for summary judgment because Customs did not disclose the documents during discovery. Customs countered in its reply brief by asserting that these documents were admissible because Jordan never requested them, and Customs had previously disclosed the identity of the two employees who were the subject of the documents. This response does not warrant a surreply under Local Rule 56.1(d). Significantly, Jordan does not contend that the district court relied on any newly raised evidence or objections in making its decision. *See Baird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) ("If the district court grants summary judgment for the movant without relying on the new materials and arguments in the movant's reply brief, it does not abuse its discretion by precluding a surreply."). Because Customs did not set forth new evidence or object to Jordan's evidence in its reply brief in support of its motion for summary judgment, the district court did not err in granting summary judgment in favor of Customs before granting Jordan's request for an extension of time to file a surreply brief.

## III.  CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment in favor of the defendant is AFFIRMED.