Katherine WEICK, Plaintiff–Appellant,

v.

Sean O'KEEFE, Secretary of the Navy, Defendant–Appellee.

No. 93–1609.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 9, 1994.

Decided June 8, 1994.

**ARGUED:** Elizabeth Lani Newman, Kalijarvi & Chuzi, P.C., Washington, DC, for appellant. Dale Susan Birdoff, Associate Counsel, Naval Sea Systems Command, Arlington, VA, for appellee. **ON BRIEF:** June D. Kalijarvi, Kalijarvi & Chuzi, P.C., Washington, DC, for appellant. Kenneth E. Melson, U.S. Atty., Dennis E. Szybala, Asst. U.S. Atty., Alexandria, VA, for appellee.

Before PHILLIPS and MURNAGHAN, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

MURNAGHAN, Circuit Judge:

Plaintiff-appellant Katherine Weick filed an administrative complaint of employment

discrimination on the basis of sex, which the defendant-appellee, the Department of the Navy, rejected as untimely. The Equal Employment Opportunity Commission (EEOC) affirmed the Navy's action. Weick filed· suit in district court claiming that the Navy had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16. The ·court granted the Navy's motion for summary judgment on the ground that her administrative complaint was time-barred. We now vacate the judgment below and remand the case for further proceedings on the merits of Weick's claim.

I

From 1972 to 1990 Weick was employed by the Naval Sea Systems Command (NAVSEA).[1] In 1987 she assumed the position of NAVSEA's Deputy Director of Security, which was graded at the GM–14 level. Beginning in July 1988, she served as the Acting Director of Security. When the Navy advertised a vacancy for the permanent position of NAVSEA Director of Security, graded as a GM–15, Weick applied. On December 15, 1988, she learned that, although the independent merit panel that evaluated candidates for promotion had ranked her as the top candidate, the selecting official, Rear Admiral Malcolm MacKinnon, had instead chosen a male whom the panel had ranked third.

On January 7, 1989, Weick initiated the administrative complaint process by contacting an Equal Employment Opportunity (EEO) counselor and alleging that she was the victim of intentional discrimination on the basis of sex. She suspected that MacKinnon had asked NAVSEA's Deputy EEO Officer, Eugene Fernandez, to compile untrue adverse information about her, with which MacKinnon could justify not selecting her for the Director of Security position.

Shortly thereafter, Weick met with MacKinnon and Fernandez and asked whether they had conducted a special inquiry in connection with her application. They told her that they had not, but rather that they had merely conducted a general survey of equal employment opportunities in NAVSEA. MacKinnon denied having asked Fernandez to compile adverse information about her, and Fernandez denied having compiled such information. MacKinnon assured Weick that she was doing an excellent job. He also told her that he wanted the position of Director of Security to emphasize physical security more than it had and that he had selected the male applicant because he had more experience in physical security. Relying upon those statements, Weick decided not to file a formal complaint of discrimination. Under the regulations then in effect, the Navy could have subsequently "canceled" Weick's allegation of discrimination for "failure to prosecute," 29 C.F.R. § 1613.215(a)(6) (1989), but apparently it did not do so.

About three years later, following a lateral transfer to another Navy Command, Weick obtained a copy of a file detailing her employment background. The file's contents confirmed her earlier suspicions. Specifically, it contained a 1988 statement by the Executive Assistant to the NAVSEA Vice Commander to the effect that—at MacKinnon's request—Fernandez had indeed conducted a special inquiry into Weick's management style. The file also contained a statement from Fernandez that MacKinnon had asked him "to conduct an inquiry concerning [Weick]," and that as a result, he had informed MacKinnon that she was "a weak manager." Apparently, Weick was the only candidate for promotion who had been subjected to such an inquiry.

Weick resumed the administrative complaint process by contacting the relevant EEO offices. She filed a formal complaint of discrimination, dated February 26, 1992, which the Navy rejected as untimely. Weick appealed to the EEOC, which affirmed the Navy's action and dismissed the complaint, ruling that Weick had not acted within the 30–day period provided in the applicable regulations.

Weick filed a one-count complaint in the United States District Court for the Eastern

---

1. The facts are presented here in the light most favorable to Weick, who opposed the Navy's motion for summary judgment. *See Ballinger v.* *North Carolina Agric. Extension Serv.,* 815 F.2d 1001, 1004 (4th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987).

District of Virginia, claiming that the Department of the Navy had committed unlawful sex discrimination, in violation of Title VII, by failing to promote her to the Director of Security position. The Navy moved for dismissal or, in the alternative, for summary judgment. The district judge heard oral argument and issued a bench decision granting the Navy summary judgment on the ground that Weick's "claim [was] not timely." This appeal followed.

## II

At the time Weick was denied promotion, federal regulations provided that an agency may accept a federal employee's discrimination complaint for processing only if:

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action; and

(ii) The complainant or representative submitted the written complaint to an appropriate official within 15 calendar days after the date of receipt of the notice of the right to file a complaint.

29 C.F.R. § 1613.214(a)(1) (1988).

The regulations also provided that

[t]he Equal Employment Opportunity Counselor shall, insofar as is practicable, conduct the final interview with the aggrieved person not later than 21 calendar days after the date on which the matter was called to the counselor's attention by the aggrieved person. If, within 21 days, the matter has not been resolved to the satisfaction of the aggrieved person, that person shall be immediately informed in writing, at the time of the final interview, of his or her right to file a complaint of discrimination.

*Id.* § 1613.213(a).[2]

Thus, the regulations established three stages of pre-complaint processing. First, the aggrieved employee or job applicant had 30 days to bring the alleged discrimination to the attention of an EEO counselor. Second, if the matter could not be resolved informally, the EEO counselor had 21 days to send the aggrieved person a notice of the right to file a formal, written complaint of discrimination. Third, the aggrieved person then had 15 days to exercise that right.

■ In the first and third stages, then, the aggrieved person bore the burden of moving forward within an established time limit. In the second stage, the onus fell upon the EEO counselor. In reviewing the district court's grant of summary judgment for the Navy, we must determine *de novo* whether Weick failed to comply with either of the two time limits that applied directly to her.

Subparagraph (a)(1)(i) of § 1613.214 of the regulations, *supra,* required Weick to bring the alleged discriminatory personnel action, *i.e.,* her non-selection as NAVSEA Director of Security, to the attention of an EEO counselor within 30 calendar days of either (1) the effective date of her non-selection (apparently in February 1989), or (2) the date that she learned of her non-selection (December 15, 1988). It is undisputed on the record below that Weick satisfied that requirement when she met with an EEO counselor on January 7, 1989.[3] Subparagraph (a)(1)(ii) of § 1613.-214, *supra,* required Weick to submit her formal, written complaint of discrimination to an appropriate official within 15 calendar days after receiving a notice of the right to file such a complaint. The record below does

---

**2.** The above-quoted regulations were in effect from October 30, 1987, until April 10, 1992.

**3.** At oral argument before this Court, the Navy contended for the first time that it had no records of any January 7, 1989 meeting between Weick and an EEO counselor. Of course, any genuine dispute about whether or when that

meeting took place would require reversal of the district court's grant of summary judgment for the Navy. *See Wood v. United States Postal Serv.,* 956 F.2d 493, 493–96 (5th Cir.1992) (reversing a grant of summary judgment for the Government because there was a genuine factual dispute concerning the timing of the plaintiff-employee's initial contact with an EEO counselor).

not indicate when (or if) she received such a notice. The Navy does not contend that she received any such notice *more* than 15 calendar days prior to her filing of a formal, written administrative complaint. Therefore, we have no basis for finding that Weick failed to comply with either subparagraph (ii) or subparagraph (i) of 29 C.F.R. § 1613.-214(a)(1) (1988).

The Navy claims that Weick could not properly file her formal complaint some three years after her non-selection, yet it can point to no specific statute or regulation that was violated by her allegedly untimely filing. Indeed, as the United States Court of Appeals for the D.C. Circuit has explained, "The regulations establish *no* set limitations on the amount of time that may pass between a statutory violation and the filing of a formal complaint." *See Brown v. Marsh,* 777 F.2d 8, 12 (D.C.Cir.1985) (emphasis in the original).[4]

■ Even if the Navy could show that Weick's 1992 administrative filing *was* barred by some statute or regulation, she would prevail on equitable grounds. In *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), a Title VII case, the Supreme Court adopted a "general rule to govern the applicability of equitable tolling in suits against the [United States] Government." *Id.* at 95, 111 S.Ct. at 457. Chief Justice Rehnquist, writing for the majority, drew a clear distinction between federal employees who have "been induced or tricked by [their] adversary's misconduct into allowing [a] filing deadline to pass" and those who have merely "failed to exercise due diligence in preserving [their] legal rights." *Id.* at 96, 111 S.Ct. at 458; *see also Polsby v. Chase,* 970 F.2d 1360, 1363–64 (4th Cir.1992), *cert. granted and judgment vacated by Polsby v. Shalala,* —— U.S. ——, 113 S.Ct. 1940, 123 L.Ed.2d 646 (1993); *Nealon v. Stone,* 958 F.2d 584, 589–90 (4th Cir.1992); *cf. Reno v.*

*Catholic Social Servs., Inc.,* —— U.S. ——, ——–——, 113 S.Ct. 2485, 2504–05, 125 L.Ed.2d 38 (1993) (O'Connor, J., concurring in the judgment); *Muth v. United States,* 1 F.3d 246, 250–51 (4th Cir.1993). *See generally* J. Harvie Wilkinson III, *Toward a Jurisprudence of Presumptions,* 67 N.Y.U.L.Rev. 907, 915–16 (1992) (describing how the *Irwin* Court held the seemingly absolute statutory limitations period in Title VII subject to equitable exceptions).[5]

In the present case, Weick exercised due diligence in preserving her legal rights. She initiated the administrative complaint process by timely contacting an EEO counselor and alleging that she was the victim of sex discrimination. In the course of the informal counseling process that the regulations contemplate, *see* 29 C.F.R. § 1613.213 (1989) ("Precomplaint processing"), she actively sought out the selecting official, Admiral MacKinnon, and the Command's Deputy EEO Officer, Eugene Fernandez. Rather than confronting them with bald accusations of intentional discrimination, she asked them specific questions, such as whether they had conducted a special inquiry in connection with her job application, and whether the successful male applicant was in any relevant respects more qualified for the new Director of Security position than she was. MacKinnon and Fernandez gave her what appeared to be honest and detailed answers, which convinced her that the matter had been satisfactorily resolved. Her reliance on their statements was perfectly reasonable—especially in light of Fernandez's status as a high-ranking EEO officer. Only years later did she discover that MacKinnon and Fernandez had lied to her. In the meantime, their deliberate misconduct had lulled her into inaction, and the filing deadline for a formal administrative complaint of discrimination had passed. In such circumstances, even if an express statutory or regulatory

---

4. The D.C. Circuit was interpreting the pre–1987 EEO regulations, which, for relevant purposes, were identical to those in effect from 1987 to 1992.

5. Both parties' briefs and oral arguments relied almost entirely on a series of Fourth Circuit cases that predated *Irwin* and that culminated in

*Olson v. Mobil Oil Corp.,* 904 F.2d 198 (4th Cir.1990). Since *Irwin* and *Olson* both recognize the exceptional nature of equitable tolling, while acknowledging its availability when there has been deliberate misconduct, we think our ruling respects fully the standards set forth in Supreme Court and circuit precedent.

time limit had applied (which it did not, *see supra*), we would excuse an untimely filing under equitable tolling principles. *See Irwin*, 498 U.S. at 95–96, 111 S.Ct. at 457–58. Therefore, we vacate the district court's grant of summary judgment and remand the case for further proceedings on the merits of Weick's claim.

*VACATED AND REMANDED.*