**Judy KRATVILLE, Plaintiff–Appellant,**

v.

**Marvin T. RUNYON, United States Postmaster General, Defendant–Appellee.**

**No. 95–3845.**

United States Court of Appeals, Seventh Circuit.

Argued June 12, 1996.

Decided July 18, 1996.

Phillip S. Wood, Ryan J. Harrington, Richard J. Johnson (argued), Wood & Johnson, Aurora, IL, for Plaintiff–Appellant.

Thomas P. Walsh, Joan C. Laser (argued), Office of U.S. Atty., Civil Division, Chicago, IL, for Defendant–Appellee.

Before FLAUM, RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Judy Kratville appeals the district court's dismissal of her employment discrimination

suit on the ground of claim preclusion. The district court previously had granted summary judgment against her on a nearly identical claim because she had failed to exhaust her administrative remedies in a timely manner. Ms. Kratville argues that: (1) her present cause of action is not the same because, by filing a complaint with the EEOC, she has cured the defect that caused the original dismissal; and (2) the district court erred in concluding that it was too late for her to effect such a cure and refile. Because Ms. Kratville could have raised the argument that failure to exhaust administrative remedies was a curable defect before the district court dismissed the original action on the merits, claim preclusion bars her from refiling. Therefore, we affirm the decision of the district court.

## I

## BACKGROUND

In her complaint, Judy Kratville alleges that, from October 1990 until May 1991, she suffered sexual harassment, retaliation and failure to accommodate a handicap at the hands of her employer, the United States Postal Service. According to Ms. Kratville, she met with a counsellor from the Equal Employment Opportunity Commission (EEOC) in February 1991. This meeting was apparently undocumented. In October 1991, she asked for and received from the Postal Service's Complaints Processing Office a "Request for Counselling" form, used to initiate informal counselling with the EEOC. See 29 C.F.R. § 1614.105(a). Ms. Kratville maintains that, shortly after she received the Request for Counselling form, she filed it with the Postal Service as a complaint. The Postal Service maintains that it has no record of any such filing.

In December 1992, Ms. Kratville sued the Postal Service under Title VII and the Rehabilitation Act. 42 U.S.C. § 2000e–16; 29 U.S.C. § 701. The Postal Service, noting that Ms. Kratville had not filed a formal complaint, moved for summary judgment on the ground of failure to exhaust administrative remedies in a timely fashion. Ms. Kratville responded that a Request for Counselling form could stand in lieu of a formal complaint and that the Postal Service must have lost the form. However, Ms. Kratville did not file a General Rule 12(n) statement or any evidentiary materials in opposition to the Postal Service's motion. On March 26, 1993, the district court held that there was no genuine issue of material fact and that the defendant was entitled to a judgment as a matter of law. Ms. Kratville did not appeal the district court's dismissal of her action.

Shortly after the district court dismissed the case, Ms. Kratville wrote to the Post Office and asked it to begin processing a formal complaint based on the same charges that the district court previously had dismissed. The agency complied, going so far in the process as to take Ms. Kratville's deposition. The agency apparently did not object that Ms. Kratville's refiling was improper in light of the earlier grant of summary judgment. On July 11, 1995, Ms. Kratville filed a second complaint. This time she alleged that she had exhausted her administrative remedies by filing a formal complaint. The district court dismissed the complaint on grounds of claim preclusion.[1]

## II

## DISCUSSION

 Neither party disputes that res judicata, or claim preclusion, applies to bar a second suit in federal court when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Golden v. Barenborg*, 53 F.3d 866, 868 (7th Cir.1995). Once these elements are satisfied, claim preclusion "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been

1. After refiling the complaint, Ms. Kratville's original counsel withdrew. According to her new counsel, she was never told that the district court had dismissed the case in 1993. Neither did the case file, which present counsel obtained from the original attorneys, contain any mention of the 1993 summary judgment. The district court noted that Ms. Kratville might have a cause of action against her former attorneys, but concluded that their actions do not entitle her to avoid the bar of claim preclusion and to stay in court.

raised in that action." *Brzostowski v. Laidlaw Waste Systems, Inc.,* 49 F.3d 337, 338 (7th Cir.1995). We review *de novo* the district court's dismissal of the case. *City Nat'l Bank of Florida v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994).

■■■ Ms. Kratville concedes that there has been a judgment on the merits and that the identity of the parties remains the same. Nonetheless, she maintains that, by going back to the EEOC and exhausting her administrative remedies, she has changed the nature of her cause of action and thereby should be able to avoid the bar of claim preclusion. This argument ignores the basic rule for determining when two causes of action are in fact the same: A claim is deemed to have "identity" with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence. *Brzostowski,* 49 F.3d at 338–39; Restatement (Second) of Judgments § 24 (1982). Ms. Kratville herself concedes that the three substantive counts are the same as those dismissed by the district court. Because the second suit arises from the same core of operative facts as the first, it meets the test for identity of the causes of action. *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1365 (7th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). Consequently, Ms. Kratville cannot escape the bar of claim preclusion.

Ms. Kratville nevertheless argues that, despite the grant of summary judgment, she was entitled to try to "cure" the defect— failure to exhaust administrative remedies— that caused her to lose the original case. At the time of the original complaint, the government submitted that no such "cure" was possible because the relevant administrative deadlines had passed, rendering the claims timebarred. Ms. Kratville now counters that, despite the presence of the three prerequisites to the invocation of res judicata, barring her from refiling her claim would render meaningless the EEOC's ability to waive its administrative deadlines. *See* 29 C.F.R. §§ 1613.214(a)(4), 1614.105(a)(2).

■■■ We cannot accept this argument. The problem for Ms. Kratville is that she did not ask the EEOC to waive its deadlines until after the district court had rendered summary judgment against her. A decision by a federal court that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion. *Reinke v. Boden,* 45 F.3d 166, 168 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995); *Shaver,* 840 F.2d at 1365. Ms. Kratville has proceeded as if the district court simply dismissed her complaint without prejudice. Letting her do so would render meaningless the district court's ability to enter summary judgment based on the undisputed material facts before it. Fed. R. Civ. P. 56(c); *see Bank of Illinois v. Allied Signal Safety Restraint Systems,* 75 F.3d 1162, 1168 (7th Cir.1996).

■■■ Ms. Kratville also submits that the Postal Service waived the time limitations by accepting her formal complaint without protest after the first summary judgment. Although claim preclusion is an affirmative defense that can be waived, *Garry v. Geils,* 82 F.3d 1362, 1367 n. 8 (7th Cir.1996), we have recognized that courts, in the interest of judicial economy, may raise the issue of preclusion *sua sponte* even when a party fails to do so. *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Indiana,* 76 F.3d 128, 130 (7th Cir.1996); *Salahuddin v. Jones,* 992 F.2d 447, 448–49 (2d Cir.), *cert. denied,* 510 U.S. 902, 114 S.Ct. 278, 126 L.Ed.2d 229 (1993). That is what the district court did here. In any case, Ms. Kratville herself waived the waiver by not asserting the argument before the district court in the current litigation. *United States v. Baker,* 40 F.3d 154, 160 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1383, 131 L.Ed.2d 237 (1995).

■■■ Relying upon *Weick v. O'Keefe,* 26 F.3d 467 (4th Cir.1994), Ms. Kratville also contends that she fell within an equitable exception to the deadline. Because the deadlines for filing administrative complaints operate as statutes of limitations, the doctrines of equitable tolling and estoppel apply. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir.1996). However, these equitable de-

fenses could have been raised before the district court in 1993, when the Postal Service sought summary judgment. At that time, Ms. Kratville had the opportunity to argue to the district court that she fell within an equitable exception to the EEOC's deadlines or that the case ought to be dismissed without prejudice in order to permit an attempt to convince the EEOC to accept a tardy complaint. The transcript of the 1993 proceedings makes clear that Ms. Kratville did not avail herself of those opportunities. Because Ms. Kratville could have raised these issues at the time the Postal Service sought summary judgment, claim preclusion bars her from doing so now. *Golden,* 53 F.3d at 870; *Brzostowski,* 49 F.3d at 338. Her reliance on *Weick* is misplaced. The plaintiff in that case had argued before both the district and appellate courts that equitable tolling applied to her Title VII action. *Weick,* 26 F.3d at 470. Had she not raised this argument, but accepted the district court's decision and then refiled the complaint after trying to cure its alleged defects, claim preclusion would have barred that refiled complaint as well.

### Conclusion

For the reasons given in the foregoing opinion, the judgment of the district court is affirmed.

AFFIRMED.