**Sheila R. KENNEDY, Plaintiff–Appellant,**

v.

**William HENDERSON, Postmaster, Defendant–Appellee.**

No. 01–17192.

D.C. No. CV–00–02329–CW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Sheila R. Kennedy appeals the district court's grant of summary judgment against her based on a failure to exhaust available administrative remedies in her sexual discrimination and harassment action against the United States Postal Service. *See Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir.2001); *see also* 29 C.F.R. §§ 1614.105(a) (Pre-complaint processing), 1614.106(b) (Individual complaints). We affirm in part, and reverse and remand in part.

(1) Kennedy does not dispute that she delayed filing a formal complaint of discrimination until 1997, which was approximately six years after she initially sought the required EEO pre-complaint processing. *See* 29 C.F.R. § 1614.105(a). Further, even though the limitations period to file a formal complaint of discrimination is subject to equitable tolling, *see Leorna v. United States Dep't of State,* 105 F.3d 548, 551 (9th Cir.1997), Kennedy failed to submit evidence sufficient to raise a disputed factual issue of whether her alleged mental disability or incapacity precluded her from filing the discrimination complaint for approximately six years. Thus, the district court did not err when it granted summary judgment on the issue that the limitations period to file a formal complaint was not equitably tolled based on Kennedy's alleged mental incapacity.

(2) The district court did, however, abuse its discretion when it denied Kennedy's motion for leave to amend her complaint because "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (citation and quotation and alteration marks omitted).[1] Construed liberally, her pro se proposed complaint can be read to allege facts sufficient to cure her exhaustion problem.[2] *See*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Actually, Kennedy was entitled to amend her pleading as a matter of right under Rule 15(a) of the Federal Rules of Civil Procedure, because the defendants' summary judgment motion was not a responsive pleading. *See Kirk v. United States,* 232 F.2d 763, 770 (9th Cir.1956).

2. *I.e.,* Kennedy's eighth (labeled seventh) cause of action, "Professional Negligence," alleges that after contacting the EEOC for counseling, they never again contacted her. That could preclude the fifteen-day limitations period from starting to run, because if true, she never received the final interview and

*Weick v. O'Keefe,* 26 F.3d 467, 469–70 (4th Cir.1994); *Counts v. Reno,* 949 F.Supp. 1478, 1482–84 (D.Haw.1996).

**AFFIRMED IN PART, AND REVERSED AND REMANDED IN PART.**

notice of right-to-sue as required by 29 C.F.R. § 1614.105(d).

