**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2008[*]
Decided February 6, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-3214

| | |
|---|---|
| LAPONCE VANCRETE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 07 C 4081 |
| MELINDA E. APPELMAN, et al., *Defendants-Appellees.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

LaPonce VanCrete sued the lawyers and law firms that represented both him and his ex-wife during their divorce proceedings, claiming violations of 42 U.S.C. § 1985(3) and state law. Upon initial screening, *see* 28 U.S.C. § 1915(e)(2), and before the defendants were served, the district court dismissed the complaint, in part for lack of jurisdiction, and otherwise for failure to state a claim. VanCrete appeals, and we affirm.

---

[*]Because there are no appellees to be served in this appeal, the appeal has been submitted without the filing of appellees' briefs. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

According to VanCrete's complaint, his divorce counsel conspired with his ex-wife's counsel to dupe him into entering into a marital dissolution agreement that required payments to his ex-wife. Those payments, he contends, deprived him of his sole source of income, his Social Security benefits. He further claims that this arrangement violated the provision of the Social Security Act ("SSA") that prohibits the assignment of one's Social Security benefits. *See* 42 U.S.C. § 407. When he discovered the alleged violation, he ceased making the required payments to his ex-wife and began to represent himself pro se in the divorce litigation. Shortly thereafter, proceedings to enforce Van Crete's payment obligations started in February 2005. Based on his non-payment, the Illinois court handling the divorce twice found VanCrete in contempt, and he served a three-day jail sentence.

VanCrete, still proceeding pro se, appealed the contempt finding, claiming that the marital dissolution agreement on its face violated the SSA's non-assignment provision. After considering Van Crete's contention, an Illinois appellate court disagreed, and ruled that the marital dissolution agreement did not violate the SSA because its terms did not assign his SSA benefits to his ex-wife.

VanCrete then filed this lawsuit under 42 U.S.C. § 1985(3), claiming that before proceedings to enforce the dissolution agreement began, his attorney and his ex-wife's attorney conspired to trick him into entering into the agreement because he is black and mentally disabled. Renewing his contention that this dissolution agreement violates the SSA, he alleges that the conspiracy between the attorneys deprived him of equal protection of the laws (specifically, the SSA). He does not allege that the state court judges participated, or were complicit, in the conspiracy. He also alleged that the defendants violated the Fourth Amendment by initiating the contempt proceedings against him. He claimed several violations of state law as well.

The district court granted VanCrete leave to proceed in forma pauperis and so screened his complaint for legal sufficiency. *See* 28 U.S.C. § 1915(e)(2). The district court construed the Fourth Amendment claim as a collateral challenge to the state court's contempt orders, and dismissed it under the *Rooker-Feldman* doctrine for lack of jurisdiction. *See D.C. Ct.App. v. Feldman*, 460 U.S. 462, 476, 482-83 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). VanCrete has expressly abandoned his Fourth Amendment claim, explaining that he mistakenly included it, so we discuss it no further. The district court also concluded that the state-court determination that the marital dissolution agreement complied with the SSA collaterally estopped VanCrete from pursuing his conspiracy claim of an equal protection violation because that claim depended on a violation of the SSA. In the alternative, the court found that claim time-barred. Lastly, the court declined to exercise supplemental jurisdiction over the remaining state-law claims, *see* 28 U.S.C. § 1367(c)(3), and dismissed those claims as well.

VanCrete's claim of a conspiracy among the state-court lawyers assumes that the marital dissolution agreement violated the SSA.  That assumption puts in play the doctrine of collateral estoppel.  Collateral estoppel, also known as issue preclusion, bars a party from relitigating the same issue that was necessary to a prior final judgment. *Wash. Group Int'l., Inc. v. Bell, Boyd & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004).  We must give the same preclusive effect to the Illinois courts' judgment that another Illinois court would.  *See* 28 U.S.C. § 1738; *Burke v. Johnson,* 452 F.3d 665, 669 (7th Cir. 2006).  Under Illinois law, collateral estoppel applies if "(1) the issue decided in the prior adjudication is identical to the issue presented in the present suit; (2) a final judgment was entered on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party to or in privity with a party to the prior adjudication." *Gumma v. White*, 216 Ill.2d 23, 38 (2005).  In addition, under Illinois law (and federal law as well) a judicial finding will be given collateral estoppel effect only if reached after a full and fair hearing. *See Extra Equipamentos E Exportacao Ltda. v. Case Corp.,*  361 F.3d 359, 363 (7th Cir. 2004).

Reviewing the district court's dismissal de novo as we must, *see Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005), we agree with the district court that VanCrete is collaterally estopped from bringing his § 1985 claim.[2]  VanCrete disputes that the issue decided by the Illinois courts is identical to the one he raises here.  His present claim, he emphasizes, is of conspiracy.  But to make out a conspiracy claim under § 1985(3), a plaintiff must ultimately prove a conspiracy that *resulted in a deprivation of a federal right. See Keri v. Bd. of Trustees of Purdue Univ.,* 458 F.3d 620, 642 (7th Cir. 2006); *Cine SK8, Inc. v. Town of Henrietta,* 507 F.3d 778, 791 (2d Cir. 2007); *Center for Bio-Ethical Reform, Inc. v. City of Springboro,* 477 F.3d 807, 832 (6th Cir. 2007).  To show such a deprivation, VanCrete maintains in this case, just as he argued unsuccessfully to the state appellate court where he represented himself, that the marital dissolution agreement unlawfully deprived him of his benefits under the SSA.  He had a full opportunity—untainted, according to his complaint, by the alleged conspiracy—to establish the unlawfulness of the dissolution agreement in the state appellate court and lost; he may not now relitigate here the Illinois court's determination that the marital dissolution agreement complied with the SSA.  Because he is estopped from

---

[2] Although collateral estoppel is an affirmative defense that defendants ordinarily have the burden to prove, *see Simpson v. Nickel,* 450 F.3d 303, 306 (7th Cir. 2006), the defendants here have not yet been served, and courts are free to raise preclusion issues on their own where they are apparent from the complaint, *see Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir. 1996); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998).

claiming the dissolution agreement deprived him of his federal rights under the SSA, he fails to state a claim under § 1985.

Even if this is so, VanCrete says that dismissing his conspiracy claim on collateral estoppel grounds was improper because his claim rests not only on the SSA but also generally on the equal protection clause of the Fourteenth Amendment. But even construing VanCrete's pro se complaint liberally, *see Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), he has failed to allege that the defendants denied him the equal protection of any law or policy other than the SSA. A complaint must do more than leave open the possibility that the plaintiff might later plead some new claim that would warrant relief. *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1968-69 (2007).

Accordingly, the judgment is AFFIRMED.