**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1646**

WALTER NIELSEN,

 Plaintiff - Appellee,

 v.

CHUCK HAGEL, Secretary of Defense, Pentagon,

 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:13-cv-01581-LMB-JFA)

Argued: September 20, 2016          Decided: November 15, 2016

Before KEENAN, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Floyd and Judge Thacker joined.

**ARGUED**: Lowell Vernon Sturgill, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Mindy Gae Farber, FARBER LEGAL, LLC, Potomac, Maryland, for Appellee. **ON BRIEF**: Joyce R. Branda, Acting Assistant Attorney General, Marleigh D. Dover, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Dana J. Boente, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant. Theodore P. Stein, FARBER LEGAL, LLC, Bethesda, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we consider whether the district court erred in remanding an employment discrimination case to the Department of Defense (Department) for further administrative proceedings. Walter Nielsen, an employee of the Department, filed a pro se action in the district court under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq. He asked the district court (1) to order the Department to comply with its regulations for processing his equal employment opportunity (EEO) complaint; and (2) to consider his substantive allegations of employment discrimination.

The district court concluded that the Department failed to follow required procedures during its processing of Nielsen's administrative complaint, and issued an order remanding the matter to the Department for compliance with those procedures. The district court also dismissed without prejudice Nielsen's substantive claims of discrimination alleged under Title VII. Upon our review, we conclude that neither Title VII nor the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–06, provided authority for the district court's remand order. Accordingly, we vacate the district court's order remanding Nielsen's administrative claim to the Department, vacate the court's dismissal without prejudice of Nielsen's substantive complaint

3

under Title VII, and remand the case to the district court for further proceedings.

I.

We begin with a discussion of the statutes and regulations governing EEO claims brought by federal employees.

A.

Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. These substantive protections are applicable to the actions of federal executive agencies, such as the Department of Defense, as well as to the actions of private entities. See id. § 2000e-16(a).

A federal employee alleging a violation of Title VII must first raise the issue within his agency. Initially, the aggrieved employee must consult with an EEO counselor in the employee's federal agency within 45 days of the allegedly discriminatory act. 29 C.F.R. § 1614.105(a). The EEO counselor is required to conduct an initial counseling session, during which the counselor must inform the aggrieved party in writing of his rights and responsibilities, and offer the employee the option of pursuing alternative dispute resolution (ADR). Id. § 1614.105(b)(1), (2). If the aggrieved party opts to pursue ADR, the EEO counselor must conduct a "final interview" with the

4

aggrieved party within 90 days of the initial interview.[1]  Id.
§ 1614.105(d), (f).  If the matter has not been resolved at the
end of this 90-day "pre-complaint processing period," the
counselor must issue a written notice of right to file a formal
complaint within the agency.  Id. § 1614.105(d)–(f).

When the pre-complaint processing period has expired, and
the notice of right to file a formal complaint has been issued,
the aggrieved party must file a formal complaint within 15 days
of receiving notice from the agency.  Id. §§ 1614.105(d),
1614.106(b).  The agency may dismiss untimely complaints,
although the 15-day time limit is subject to "waiver, estoppel,
and equitable tolling."  29 C.F.R. § 1614.604(c).

After the agency issues a final decision or dismissal of
the employee's administrative complaint, the aggrieved party may
appeal the decision to the Equal Employment Opportunity
Commission (EEOC), or may file a civil action under Title VII in
federal district court.  See 42 U.S.C. § 2000e-16; 29 C.F.R.
§§ 1614.110, 1614.401.  Any such civil action must be filed
within 90 days of the agency's final action or, if an appeal
with the EEOC is filed, within 90 days of the EEOC's final

---

[1] If the aggrieved employee opts not to pursue ADR, the EEO
counselor must conduct the final interview within 30 days of the
initial counseling session, or extend the period by no more than
60 additional days with the agreement of the aggrieved employee.
29 C.F.R. § 1614.105(d), (e).

decision. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a), (c). In addition, the regulations provide an opportunity for the aggrieved party to file a civil action under Title VII in the district court if the agency fails to issue a final decision within 180 days of receiving the formal complaint, or if the EEOC fails to rule on an appeal within 180 days of its filing. 29 C.F.R. § 1614.407(b), (d). Finally, the APA provides a remedy for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. With this statutory and regulatory scheme in mind, we turn to the facts of the present dispute.

## B.

Walter Nielsen is a Latino employee of the Department of Defense, in the Pentagon Renovation and Construction Program Office (PENREN). Nielsen alleged that while employed at PENREN from April 2000 to April 2010, he was subjected to a pattern of employment discrimination. In early 2010, Nielsen applied for a position within PENREN that provided a higher pay grade than his existing position. Nielsen alleged that, despite being the most qualified applicant, he was denied the promotion on the basis of his Latino heritage.

Nielsen filed an informal grievance with the Department on May 25, 2010. At the initial counseling session, Nielsen agreed

6

to pursue resolution of his grievance through the ADR procedures prescribed by 29 C.F.R. § 1614.105(b)(2). However, certain scheduling conflicts prevented the ADR process from occurring within the prescribed 90-day time limit in 29 C.F.R. § 1614.105(f). These scheduling conflicts included the unavailability of Nielsen's supervisor to participate in the ADR process at the beginning of the 90-day pre-complaint counseling period, and the fact that Nielsen took emergency leave near the end of the counseling period, from August 9 to August 20, 2010, to tend to matters in Texas relating to his mother's final illness and death.

On August 18, 2010, while Nielsen was still in Texas and five days before the 90-day pre-complaint counseling period was set to expire, the Department issued a notice informing Nielsen of his right to file a formal complaint within 15 days. However, the Department did not conduct a final interview or produce a written counselor's report, both of which are required by Department procedures.

Attached to the Department's notice to Nielsen was a copy of DD Form 2655, the Department's official form for filing a formal EEO complaint. DD Form 2655 includes instructions that provide:

> Your complaint must be filed <u>within 15 calendar days of the date of your final interview</u> with the Equal Employment Opportunity Counselor. If the matter has

7

> not been resolved to your satisfaction within 30 calendar days of your first interview with the Equal Employment Opportunity Counselor and the final counseling interview has not been completed within that time, you have the right to file a complaint at any time thereafter up to 15 days after the final interview.
>
> These time limits may be extended if you show that you were not notified of the time limits and were not otherwise aware of them, or that you were prevented by circumstances beyond your control from submitting the matter within the time limits, or for other reasons considered sufficient by the agency.

(emphasis added). After attending his mother's funeral, Nielsen returned to work on August 23, 2010. One day later, on August 24, 2010, Nielsen received a certified mailing informing him of his right to file a formal EEO complaint, and an email notifying him that the 15-day period to file such a complaint began running as of that day.

During a portion of this 15-day period, Nielsen was required to report for jury duty. On September 7, 2010, the day before his formal complaint was due, Nielsen requested an extension of time to file his EEO complaint. He spoke with his EEO counselor, citing his jury service and his increased workload after returning from emergency leave. The counselor advised Nielsen that although the filing deadline could be extended, the counselor could not guarantee that Nielsen's formal complaint would be accepted after the deadline. Nielsen ultimately submitted his formal EEO complaint on September 28,

8

2010, 35 days after receiving notice of his right to file the complaint.

The Department dismissed Nielsen's complaint as untimely, without considering its merits. The dismissal was based on a finding that Nielsen had "not provided sufficient evidence to show that because of [Nielsen's] workload, death of [Nielsen's] mother, or jury duty[,] [Nielsen was] unable to meet the deadline of September 8, 2010." Nielsen filed an appeal from this decision to the EEOC, which affirmed the Department's dismissal of the EEO complaint.

Nielsen later filed a pro se action under Title VII in the district court, alleging that he had suffered from employment discrimination, and that the Department had failed to follow its own procedures in processing his EEO complaint. Nielsen's pleadings in the district court further alleged that the Department's "disturbing number of procedural errors and process irregularities" prevented Nielsen from properly filing his discrimination complaint with the Department.

The government filed a motion to dismiss or for summary judgment. In its motion, the government argued that Title VII does not authorize a private right of action for irregularities in the administrative processing of a grievance alleging employment discrimination, that the Department complied with all

9

relevant procedural regulations, and that Nielsen had failed to exhaust his administrative remedies.

After a hearing on the motion, the district court determined that the Department's email notice of August 24, 2010, was insufficient to qualify as the "final interview" required by regulation. Concluding that Nielsen had not been afforded the procedural rights to which he was entitled, the district court held that the "appropriate way to handle this case is to remand it back to the [Department's EEO Programs Office], [and] let the plaintiff get his interview." The district court also held that the mandatory final interview would afford Nielsen "a new 15-day time period to file his [EEO] complaint," and entered an order remanding the matter to the Department and dismissing Nielsen's substantive discrimination claims without prejudice. The government timely appealed.

## II.

We first address Nielsen's argument that we lack jurisdiction to review the district court's order because it is not a "final decision," within the meaning of 28 U.S.C. § 1291. Generally, this Court only reviews appeals from "final decisions of the district courts." 28 U.S.C. § 1291. However, we also have jurisdiction to review "collateral" orders that satisfy three requirements. To qualify as an appealable collateral

10

order, an order must (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) be "effectively unreviewable on appeal from a final judgment." Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 375 (1987) (citation omitted); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949).

We have held that the collateral order exception applies to appeals brought by an agency challenging a district court's order that, by its terms, would require the agency to conduct administrative proceedings under a legal standard with which the agency disagrees. Shipbuilders Council of Am. v. U.S. Coast Guard, 578 F.3d 234, 239 (4th Cir. 2009). An order of this nature compelling agency action under disputed standards qualifies as a collateral order because it would be "effectively unreviewable" following a resolution of the merits of the case on remand. Id. at 240 (quoting W. Va. Highlands Conservancy, Inc. v. Norton, 343 F.3d 239, 244 (4th Cir. 2003)).

The district court's order in the present case is analogous to the effectively unreviewable order in Shipbuilders Council because, contrary to the Department's interpretation of its own EEO procedures, the present order would require the Department to afford Nielsen additional time to file his formal EEO complaint. We conclude, therefore, that the present order

11

satisfies all three of the above requirements to qualify as a reviewable collateral order. See Stringfellow, 480 U.S. at 375; Shipbuilders Council, 578 F.3d at 240. First, the district court's order "conclusively determine[d]" that Nielsen is entitled to a final interview with an EEO counselor at the Department. See Stringfellow, 480 U.S. at 375. Second, the court's order resets the time allowed to file a formal employment discrimination complaint with the Department, a potentially dispositive issue "completely separate from the merits" of Nielsen's discrimination claim. See id. And third, because the Department lacks the ability to appeal from its own decisions, the district court's order is "effectively unreviewable" regarding the actions that the court ordered the agency to take on remand. See id. Accordingly, we hold that the district court's remand order is a collateral order that we presently have jurisdiction to review.

## III.

We turn to consider whether the district court erred by remanding Nielsen's administrative complaint to the Department, and by dismissing without prejudice his substantive discrimination claims filed in the district court. The government argues that Nielsen's allegations of procedural deficiencies in the administrative EEO process are not

12

cognizable as a "standalone" claim under either the APA or Title VII.[2] We agree with the government that neither of these sources of law authorizes the filing of a "standalone" claim challenging procedural deficiencies in an agency's handling of an EEO complaint.

A.

The APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The portion of Section 704 addressing "final agency action for which there is no other adequate remedy in a court" is available only when Congress has not otherwise provided "special and adequate review procedure[s]" for an agency action. See Bowen v. Massachusetts, 487 U.S. 879, 903 (1988). The remedy of judicial review in this part of Section 704 also has been described as a "default" remedy under the APA. Women's Equity

---

[2] The government argued in the district court that Nielsen's district court complaint alleged only procedural deficiencies and did not allege a substantive Title VII claim. However, because the government did not raise this argument in its opening brief, that argument is waived. See Elderberry of Weber City, LLC v. Living Ctrs.-Se., Inc., 794 F.3d 406, 415 (4th Cir. 2015). In any event, Nielsen's pro se complaint, which discussed the substantive claims in a section titled "Pertinent Backstories" and attached his substantive claims originally filed within the Department, should be liberally construed to include the same substantive Title VII claims alleged in his administrative complaint. See Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 72 (4th Cir. 2016).

13

Action League v. Cavazos, 906 F.2d 742, 750–51 (D.C. Cir. 1990). This remedy ordinarily is not available when a different statute provides "an opportunity for de novo district-court review" of an agency decision. See Garcia v. Vilsack, 563 F.3d 519, 522 (D.C. Cir. 2009) (quoting El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health & Human Servs., 396 F.3d 1265, 1270 (D.C. Cir. 2005)); see also Women's Equity Action League, 906 F.2d at 750–51.

We conclude that these principles apply irrespective whether the alleged discriminating entity is a private party or a governmental agency. As we have explained above, Title VII provides a private cause of action in district court when a federal employee is "aggrieved by the final disposition of his [EEO] complaint." 42 U.S.C. § 2000e-16(c). Such an employee-plaintiff is entitled to litigate the civil action de novo in the district court on his substantive claim of discrimination.[3] See Chandler v. Roudebush, 425 U.S. 840, 861 (1976). Because

---

[3] We disagree with the government's contention that our decision in Georator Corp. v. Equal Employment Opportunity Commission, 592 F.2d 765 (4th Cir. 1979), requires dismissal of Nielsen's district court complaint. Our holding in Georator was based on the finality requirement of Section 704, which is not at issue in this case. We held that the APA does not permit an employer to seek review of an EEOC determination that was not a "final agency action." See id. at 767–68 (explaining that "[n]o such finality exists" with respect to the challenged EEOC determination).

14

the agency in a Title VII civil action is not entitled to any deference to its findings of fact or conclusions of law, see id., any procedural errors by the agency's EEO office generally will have no impact on the de novo district court proceedings, unless the agency raises a defense that the plaintiff failed to exhaust administrative remedies. Moreover, in that circumstance, the agency's failure to observe its own procedural requirements will only be relevant to resolution of that affirmative defense, not to the question whether the plaintiff's substantive complaint has merit. We therefore conclude that the cause of action provided by Title VII afforded Nielsen an "adequate remedy" of judicial review for his claims of employment discrimination, thereby precluding judicial review of the Department's action under Section 704 of the APA.

B.

Because the APA did not provide the district court authority to review the Department's alleged violation of its own EEO procedures, we next address whether the district court's remand directive was an available remedy under Title VII. The provisions of Title VII authorize a district court to order a wide range of injunctive relief, but only "[i]f the court finds that the [employer] has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint." 42 U.S.C. § 2000e-5(g)(1); see also

15

id. § 2000e-16(d) ("The provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought [by federal employees]."). Accordingly, we read the plain language of Title VII as authorizing a district court to order relief only after a plaintiff has proved a substantive claim of unlawful discrimination, which did not occur in the present case.

We additionally conclude that Title VII does not provide an implied cause of action permitting a plaintiff to challenge procedural deficiencies in an agency's handling of an EEO complaint. As the Seventh Circuit has explained, a federal employee may only challenge under Title VII an agency's disposition of his substantive discrimination complaint. Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000). Once the employee files a Title VII action in district court, "any earlier mishandling [of the administrative complaint] is essentially moot." Id. Thus, when there have been procedural irregularities in an agency's handling of an employee's EEO complaint, the employee does not have a right under Title VII to file a separate procedural claim, but must seek redress for the alleged discrimination by filing a substantive claim to be adjudicated de novo in the district court. See id.; see also Weick v. O'Keefe, 26 F.3d 467, 471 (4th Cir. 1994).

Applying these principles to the present case, we conclude that the district court lacked authority to remand this matter to the Department to remedy any procedural deficiencies in the processing of Nielsen's administrative complaint. The district court instead should have proceeded to consider the merits of Nielsen's substantive claims of discrimination, as well as any defenses raised by the government to those substantive claims.

## IV.

The government separately argues that the district court should have dismissed Nielsen's substantive claims with prejudice, because Nielsen's alleged noncompliance with the Department's filing deadlines is evidence of his failure to exhaust his administrative remedies. We decline to decide this issue in the first instance, which is a defense asserted by the government in response to the substantive allegations of Nielsen's action under Title VII.

We also observe that if the government raises an exhaustion defense on remand, the issue of the Department's alleged mishandling of Nielsen's complaint will "come to life." Georator Corp. v. Equal Emp't Opportunity Comm'n, 592 F.2d 765, 768 (4th Cir. 1979). Nielsen will be afforded the opportunity to argue that his formal complaint was timely filed because the 15-day period to file his formal complaint never began to run.

17

See Weick, 26 F.3d at 469–70 (holding that the 15-day period to file a formal complaint never began to run because the agency's failure to follow regulations caused the triggering event not to occur).  And, in the event that the district court determines that Nielsen's complaint was not timely filed, the district court also may consider whether any untimeliness on Nielsen's part should be excused on equitable grounds.  See id. at 470–71.

V.

For these reasons, we vacate the district court's judgment, reinstate Nielsen's substantive Title VII complaint, and remand the case for further proceedings consistent with the principles expressed in this opinion.

VACATED AND REMANDED