Edward J. LYNCH, Jr., Plaintiff,

v.

William J. BENNETT, et al., Defendants.

Civ. A. No. 86–2607.

United States District Court, District of Columbia.

July 22, 1987.

Daniel M. Singer, Fried, Frank, Harris, Shriver & Jacobson, Washington, D.C., for plaintiff.

Robert C. Seldon, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

Plaintiff Edward J. Lynch, Jr., an attorney formerly employed by the Department of Education, brings this action against defendants William J. Bennett, Secretary of the Department of Education ("Secretary"), the Merit Systems Protection Board ("MSPB" or "Board"), Equal Employment Opportunity Commission ("EEOC"), and a "Special Panel," [1] under the Rehabilitation Act, Civil Service Reform Act ("CSRA") and the Administrative Procedure Act ("APA") for reinstatement, back pay, failure to accommodate for his handicap (epilepsy), and failure to follow proper administrative procedures in dismissing him from the Department in 1982.[2] The case is before the Court on plaintiff's motion for partial judgment on the pleadings, or, in the alternative, partial summary judgment, and the motion to dismiss of defendants MSPB, EEOC, and the Special Panel.

Plaintiff appealed his removal to the MSPB, where a presiding official, in a decision dated August 2, 1982 ("MSPB I"), sustained the removal. The official found that the agency had proven that plaintiff was AWOL for two hours on one occasion and had exhibited as a pattern of failure to submit work on time, but that the agency had not met its burden of proving plaintiff's work to be unsatisfactory. The presiding official also ruled that plaintiff was not a "qualified handicapped employee" under the Act and its implementing regulations because he could not perform his duties without accommodation,[3] and that the agency should have given Mr. Lynch additional training, but that the failure to do so was harmless in light of her finding that plaintiff's work was satisfactory. On September 6, 1982, this "initial" decision by the presiding official became the final decision of the MSPB.[4]

1. The Special Panel is an administrative tribunal created by Congress to decide cases in which the EEOC and MSPB make conflicting findings on certain issues within their overlapping jurisdiction. See 5 U.S.C. § 7702(d). The Panel consists of an EEOC member, an MSPB member, and an independent chairman appointed by the President.

2. Plaintiff alleges that when his epilepsy worsened in 1979, he was given medication that caused sleep disturbance and daytime somnolence, and that he was not given the accommodations he requested, such as freedom to report late to work. The Secretary responds that plaintiff was given reasonable accommodations and was removed from his position for poor work and writing, failure to submit timely work, and absence from his station.

3. 29 C.F.R. § 1613.702(f) provides that a qualified handicapped employee is one who can perform his functions *with or without* reasonable accommodation.

4. If neither party petitions for Board review, and the Board does not, on its own motion, reopen the case within 35 days of an "initial" decision, the decision becomes a final decision of the MSPB. 5 C.F.R. § 1201.113.

Plaintiff appealed MSPB I to the EEOC, which ruled on November 16, 1984, that the presiding official had erred in applying the definition of a qualified handicapped employee, and found that plaintiff should be so considered if he could perform his work with reasonable accommodation. The EEOC referred the case back to the MSPB to determine whether plaintiff was a qualified handicapped employee under the correct definition of that term, and if so, whether the agency had reasonably accommodated his handicap.

On January 16, 1986, the full MSPB ("MSPB II"), on referral from the EEOC, accepted the EEOC's interpretation of the Rehabilitation Act and, with one member dissenting, reopened MSPB I (over three years after it had become final) and reversed the presiding official's determination that plaintiff's work was satisfactory, 31 M.S.P.R. 627. The MSPB also ruled that plaintiff was not a qualified handicapped employee because he could not perform the essential functions of his job even with reasonable accommodations. MSPB II thus sustained the agency's decision to dismiss the plaintiff. Believing that its latest decision conflicted with the EEOC ruling, the MSPB then certified the case to the Special Panel, which, with the EEOC member dissenting, affirmed MSPB II.[5]

Plaintiff then filed the instant action in September, 1986. In Count I, the subject of his motion for partial summary judgment, plaintiff seeks a declaratory judgment that the EEOC, MSPB, and Special Panel decisions were all *ultra vires* and erroneous as a matter of law. Plaintiff argues that the EEOC had no authority to remand to the MSPB issues of employment discrimination, and that the second MSPB decision was *ultra vires* because the MSPB had no authority to reconsider the presiding official's findings in MSPB I. Finally, plaintiff argues that the Special Panel had no jurisdiction to address the merits of his claim because there were no conflicting

findings between the EEOC and MSPB on an issue of civil service law.

## I.

■ All defendants except the Secretary ("defendants") move to dismiss on the grounds that plaintiff's exclusive remedy lies in civil service and discrimination statutes, and that only the Secretary is a proper defendant in such an action. Defendants rely on Title VII, 42 U.S.C. § 2000e–16(c), which provides that only the Secretary can be named as a defendant in a discrimination action.[6] In *Hackley v. Roudebush*, 520 F.2d 108 (D.C.Cir.1975), for example, in which an employee of the Veterans Administration sued the agency for race discrimination, the court noted that the employee had joined his immediate supervisors and members of the Civil Service Commission as defendants, and commented, in dicta, that the only proper defendant in a Title VII action is the head of the department, agency, or unit sued. *Id.* at 115 n. 17. And in *McCottrell v. EEOC*, 726 F.2d 350 (7th Cir.1984), the court held that Title VII does not allow for a cause of action against the EEOC to challenge its initial processing of a discrimination claim. *Id.* at 351.

Plaintiff responds that Count I is not brought under the Rehabilitation Act, but rather is a claim under the APA challenging administrative procedures, and that the requirement that only the head of an agency be named as a defendant does not apply to a claim under the APA. This argument finds support in *McKenna v. Weinberger*, 729 F.2d 783 (D.C.Cir.1984), in which a probationary employee of the Defense Intelligence Agency brought a sex discrimination suit against the agency as well as an APA claim alleging that the agency did not follow its own procedures in dismissing her. The court held that Title VII does not preclude such a suit under the APA, but rather precludes suits brought under other federal *discrimination* statutes:

---

5. The Special Panel found that there was no dispute between the EEOC and MSPB, but it nonetheless issued an opinion on the merits.

6. Proceedings under the Rehabilitation Act are identical to those under Title VII. *See* 29 U.S.C. § 794a(a)(1).

Ms. McKenna's claim under the APA is *not* one of discrimination. Rather, she charges that the agency, whether its motive was legal or illegal, failed to conform to its own regulations. She does not claim that these procedural violations constitute employment discrimination. Her claim of arbitrary treatment is entirely independent of her discrimination claim.

*Id.* at 791.

In response, defendants cite *Carducci v. Regan*, 714 F.2d 171 (D.C.Cir.1983), in which the court of appeals held that after the passage of CSRA, agency personnel action is no longer reviewable under the APA. *Carducci*, however, involved a CSRA claim for wrongful reduction of pay, not a separate claim for failure to follow procedural regulations. This distinction between discrimination claims and civil service law claims, on the one hand, and APA challenges to agency procedure, on the other, was made explicitly in *McKenna*, which held that the latter are not preempted by Title VII.

Defendants respond further that *McKenna* was overruled *sub silentio* in *Harrison v. Bowen*, 815 F.2d 1505 (D.C.Cir.1987), in which the court of appeals held that an excepted civil service employee who had alleged that her removal violated agency regulations had no right to APA review even though she was not entitled to direct review by the MSPB. As did the plaintiff in *McKenna*, Harrison had argued that the agency employing her had violated its own regulations in dismissing her. The *Harrison* court noted that CSRA "creates an extensive scheme regulating civil service personnel systems," so that a court should not "allow an employee to circumvent this detailed scheme governing federal employer-employee relations by suing under the more general APA." *Id.* at 1516 n. 25 (quoting *Broadway v. Block*, 694 F.2d 979, 986 (5th Cir.1982)). Mr. Lynch, however, unlike Ms. Harrison, did anything but attempt to circumvent the administrative process. On the contrary, he patiently exhausted his administrative remedies before seeking relief under the APA in this Court. Based on this important distinction, and the

failure of the *Harrison* court to mention *McKenna*, this Court concludes that *McKenna* is controlling law and permits the plaintiff, who has exhausted his administrative remedies, to bring an independent APA challenge to the procedures employed by the MSPB, EEOC, and the Special Panel.

## II.

■ Plaintiff alleges that, following the presiding official's erroneous reading of the Rehabilitation Act in MSPB I, each agency below made decisions outside the scope of its authority. The first error cited by the plaintiff is the EEOC's failure to decide whether plaintiff was a "qualified handicapped employee." Plaintiff submits that the EEOC has but two options when it issues a decision differing from a Board decision. Pursuant to 5 U.S.C. § 7702(b)(3), the EEOC must find either that the MSPB decision is not supported by substantial evidence, or that it contains incorrect findings of law. Plaintiff submits that the EEOC was obligated to render a decision on the merits, but the statute clearly provides that the EEOC may decide that a MSPB decision "constitutes an incorrect interpretation of [discrimination] law." 5 U.S.C. § 7702(b)(3)(B)(i). While the EEOC's interpretation of an issue of discrimination law must be deferred to, nothing in CSRA precludes the MSPB from making factual findings on issues of employment discrimination law. On the contrary, the statute envisions further proceedings by the MSPB after its decision has been modified by the EEOC. 5 U.S.C. § 7702(b)(5)(B). Accordingly, the Court finds that the EEOC's limited decision on the definition of a qualified handicapped employee was within its statutory mandate.

■ When the MSPB undertook to apply the correct definition of a qualified handicapped employee, it overstepped the bounds of its statutory mandate, plaintiff argues, by reopening MSPB I after three years in order to reverse the official's finding that the agency had failed to prove that plaintiff's work was unsatisfactory. On

**66**

reconsideration following an EEOC decision, the MSPB has three options, pursuant to § 7702(c): it may adopt the EEOC decision; revise the decision if the EEOC incorrectly interpreted *civil service* law; or revise the decision if the EEOC ruling on an issue of civil service law was not supported by substantial evidence. The "error of civil service law" cited by the MSPB was the EEOC's reliance on the decision in MSPB I that the government had failed to prove that plaintiff's work was unsatisfactory.

In enacting CSRA, Congress plainly intended that in certain cases the MSPB and EEOC would have overlapping jurisdiction, that the EEOC should have the final word on issues of employment discrimination, and the MSPB on issues of civil service law. Had the EEOC made factual findings incorrectly applying civil service law, it is beyond dispute that the MSPB would have been fully within its power to make a contrary finding. In this case, however, the only "error of civil service law" allegedly committed by the EEOC was to rely on the *MSPB*'s final decision on an issue of civil service law.[7] The MSPB simply attempted to reverse *its own* prior decision on an issue of civil service law, and, accordingly, acted outside the scope of its authority under § 7702(c)(2).

Agency regulations permit the MSPB to reopen a presiding official's decision "at any time," 5 C.F.R. 1201.117, but such a decision must all be made within a "reasonable" time. *See Dawson v. MSPB*, 712 F.2d 264 (7th Cir.1983). The Court is aware of no case that supports the proposition that the MSPB may reopen a prior final decision years after it was issued, and *after the completion of EEOC review.* CSRA permits an employee to obtain EEOC review of a final MSPB decision, but the decision Mr. Lynch attempted to have reviewed by the EEOC turned out three years later not to have been final. Accord-

ingly, the Court concludes, as did the dissenting member of the Board,[8] that the MSPB's decision to reopen MSPB I was untimely and outside the scope of its authority under § 7702(c)(2).

▮ When the MSPB reconsiders a case following EEOC review, it is authorized to refer that case to the Special Panel only if it finds that the EEOC incorrectly interpreted *civil service* law. 5 U.S.C. § 7702(d)(1). The Special Panel itself found that there was no such conflict in this case, the true conflict existing only between the two MSPB decisions. Nonetheless, the Special Panel decided that it was required to render a decision, and it adopted the Board's decision in MSPB II. In so doing, the Panel deferred to the conclusions of the Board, finding from the record only that the Board's conclusions were "reasonable." Because the Special Panel deferred to conclusions that the Board had no authority to make, *see supra* pp. 65 to 66, its opinion must also be vacated.[9]

Because the Court finds that the opinion of Special Panel No. 2 and MSPB II must be vacated, proceedings must resume at the MSPB, at the point at which the EEOC referred the dispute back to the Board. Applying the Rehabilitation Act and its implementing regulations as defined by the EEOC to the final factual findings made by the presiding official in MSPB I, the MSPB should determine whether Mr. Lynch was a qualified handicapped employee, and, if so, whether the agency met its burden to accommodate his handicap.

For the foregoing reasons, therefore, it is, this 22nd day of July, 1987,

ORDERED, that the motion of the MSPB, EEOC and Special Panel to dismiss is denied; and it is

7. The presiding official's decision became the final decision of the MSPB in August, 1982. *See supra* n. 4.

8. *Lynch v. Department of Education*, 31 M.S.P.R. 627 (1986) (Devaney, dissenting). *See also Lynch v. Department of Education*, 31 M.S.P.R. 519 (1986) (Alvarez, dissenting).

9. The Court need not decide, therefore, whether the Panel has jurisdiction to render an opinion on the merits of a case certified to it after it finds that certification was improper.

FURTHER ORDERED, that plaintiff's motion for partial judgment on the pleadings or, in the alternative, partial summary judgment, is granted in part; and it is

FURTHER ORDERED, that the January 16, 1986, decision of the MSPB, and the August 20, 1986, decision of the Special Panel are vacated; and it is

FURTHER ORDERED, that this case is remanded to the MSPB for further proceedings consistent with this opinion.