Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued January 9, 2009        Decided April 24, 2009

No. 08-5110

GUADALUPE L. GARCIA, FOR HIMSELF AND ON BEHALF OF
G.A. GARCIA AND SONS FARM, ET AL.,
APPELLANTS

v.

THOMAS VILSACK, SECRETARY,
UNITED STATES DEPARTMENT OF AGRICULTURE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:00-cv-02445-JR)

———

No. 08-5135

ROSEMARY LOVE, ET AL.,
APPELLANTS

v.

THOMAS VILSACK, SECRETARY,
UNITED STATES DEPARTMENT OF AGRICULTURE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:00-cv-02502-JR)

———

*Stephen S. Hill* argued the cause for appellants Guadalupe L. Garcia, Jr., et al.  With him on the briefs were *Alan M. Wiseman*, *Robert L. Green*, and *Kenneth C. Anderson*.

*Barbara S. Wahl* argued the cause for appellants Rosemary Love, et al.  With her on the briefs *were Marc L. Fleischaker*, *Kristine J. Dunne*, *Jennifer A. Fischer*, *Roderic V.O. Boggs*, *Susan E. Huhta*, *Alexander John Pires, Jr.*, and *Phillip L. Fraas*.

*Charles W. Scarborough*, Attorney, U.S. Department of Justice, argued the causes the appellee.  With him on the brief were *Gregory G. Katsas*, Assistant Attorney General, *Jeffrey A. Taylor*, U.S. Attorney, and *Marleigh D. Dover*, Attorney.

Before: ROGERS and GRIFFITH, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court by *Circuit Judge* ROGERS.

ROGERS, *Circuit Judge*: These appeals relate to the continuing efforts by farmers to obtain relief from the discriminatory distribution of federal farm benefits by the United States Department of Agriculture ("USDA").  *See, e.g.*, *Pigford v. Glickman*, 206 F.3d 1212 (D.C. Cir. 2000).  This time the complaints were filed by female and Hispanic farmers who

alleged that since 1981 the USDA has unlawfully discriminated against them in the administration of its farm benefit programs and failed to act on their administrative complaints in accordance with USDA regulations. This court affirmed the denial of class action certification and the dismissal of the failure-to-investigate claims brought under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691-1691f. *Love v. Johanns*, 439 F.3d 723 (D.C. Cir. 2006); *Garcia v. Johanns*, 444 F.3d 625 (D.C. Cir. 2006). The question in this second interlocutory appeal is whether appellants' failure-to-investigate claims are reviewable under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. Because appellants fail to show they lack an adequate remedy in a court, we affirm the dismissals of their APA failure-to-investigate claims and remand the cases to the district court.

## I.

The ECOA provides that it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). The statute authorizes the recovery of actual damages from creditors, including the federal government, *see id.* §§ 1691a(e)-(f), 1691e(a), and a court "may grant such equitable and declaratory relief as is necessary to enforce [the ECOA]," as well as "reasonable attorney's fees" to applicants bringing a "successful action." *Id.* § 1691e(c)-(d). Claims under the ECOA must be filed within two years of the "date of the occurrence of the violation." *Id.* § 1691e(f).

USDA regulations have long provided that applicants alleging discrimination by the USDA in its direct benefit programs may file administrative complaints with the USDA. *See* 7 C.F.R. § 15d.4; *see also Love v. Connor*, 525 F. Supp. 2d

4

155, 157-58 (D.D.C. 2007).[1] Appellants allege, however, that for years the USDA ignored discrimination complaints like theirs. Indeed, in 1997 the USDA publicly acknowledged that in the early 1980s it "effectively dismantled" its civil rights enforcement apparatus.[2]

In response, Congress enacted a special remedial statute in 1998 for applicants who had filed a "nonemployment related complaint" with the USDA before July 1, 1997 that alleged discrimination occurring between January 1, 1981 and December 31, 1996. Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub. L. No. 105-277, § 741(e), 112 Stat. 2681-31 (codified at 7 U.S.C. § 2279 Note) (hereinafter "Section 741"). The statute extended the ECOA statute of limitations until October 21, 2000, and provided that such eligible complainants could either file an ECOA action in federal court, pursuant to Section 741(a), or renew their administrative complaints and obtain a determination on the merits of their claim from the USDA, pursuant to Section 741(b). Subsection (b) of the statute required the USDA to timely process renewed administrative complaints, to investigate the claims, and to issue merits determinations after a hearing on the record. Subsections

---

[1] The USDA regulations treat the filing of administrative complaints alleging discrimination as permissive, rather than mandatory. *See* Nondiscrimination in USDA Conducted Programs and Activities, 63 Fed. Reg. 62,962, 62,963 (proposed Nov. 10, 1998).

[2] CIVIL RIGHTS ACTION TEAM, USDA, CIVIL RIGHTS AT THE UNITED STATES DEPARTMENT OF AGRICULTURE 46-47 (1997); *see also Pigford v. Veneman*, 292 F.3d 918, 920 (D.C. Cir. 2002); *Treatment of Minority and Limited Resource Producers by the U.S. Department of Agriculture: Hearings Before the H. Subcomm. on Dep't Operations, Nutrition and Foreign Agric. and the H. Comm. on Agric.*, 105th Cong. 97 (1997) (statement of the Secretary of the USDA).

(d) and (g) provided that complainants denied administrative relief could seek *de novo* review in federal court.

Appellants, nearly all of whom appear to have filed complaints with the USDA before July 1, 1997,[3] chose the first option:  On the eve of the October 21, 2000 deadline, they filed complaints in the federal district court here under the ECOA and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  Their complaints also included claims under the APA.[4]  They alleged that the USDA had discriminated against them with respect to credit transactions and disaster benefits in violation of the ECOA, and also had systemically failed to investigate complaints of such discrimination in violation of USDA regulations.  In the district court only appellants' ECOA credit transaction claims and the Garcia appellants' APA disaster benefit claims have survived the USDA's motion to dismiss.  The district court also denied

---

[3] Two Garcia appellants filed administrative complaints with the USDA regarding discrimination occurring after 1996.  Those complaints would not be covered by Section 741.  This is a circumstance of no significance because we hold that all of the appellants have an adequate remedy at law in the ECOA for their failure-to-investigate claims.  During oral argument government counsel acknowledged, however, that were agency action on the post-1996-occurrence complaints unreasonably delayed, these Garcia appellants could seek judicial relief in the district court under *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984). Government counsel expressed no opinion on whether such delay had occurred as to these two administrative complaints.  We leave for another day whether *TRAC* relief would be available given our holding that the ECOA provides an adequate remedy at law for failure-to-investigate claims.

[4] *See Love v. Veneman*, Civ. No. 00-2502, slip op. at 1 (D.D.C. Dec. 13, 2001); *Garcia v. Veneman*, Civ. No. 00-2445, 2002 WL 33004124, at *1 (D.D.C. Mar. 20, 2002).

appellants' motions for class certification on their remaining ECOA discrimination claims, and this court affirmed upon interlocutory review in 2006. *See Love*, 439 F.3d 723; *Garcia,* 444 F.3d 625. Following a remand of the APA failure-to-investigate claims, the district court reaffirmed its dismissal of those claims on the ground that Section 741 provided appellants an adequate remedy at law. *See Love v. Connor*, 525 F. Supp. 2d 155; Order, *Garcia v. Veneman*, Civ. No. 00-2445. The district court certified its interlocutory ruling, and this court granted appellants' petition for leave to appeal pursuant to 28 U.S.C. §1292(b).

**II.**

The APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. In *Bowen v. Massachusetts*, 487 U.S. 879, 904 (1988), the Supreme Court interpreted § 704 as precluding APA review where Congress has otherwise provided a "special and adequate review procedure." *Id.* at 904 (internal quotations omitted). An alternative remedy will not be adequate under § 704 if the remedy offers only "doubtful and limited relief." *Id.* at 901. So understood, this court has held that the alternative remedy need not provide relief identical to relief under the APA, so long as it offers relief of the "same genre." *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005)*.* Thus, for example, relief will be deemed adequate "where a statute affords an opportunity for *de novo* district-court review" of the agency action. *Id.* at 1270. In such cases, the court has reasoned that "Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the review provision] and the APA." *Id.* at 1270 (quoting *Envtl. Defense Fund v. Reilly*, 909 F.2d 1497, 1501 (D.C. Cir. 1990))

(omission and alteration in original). Relief also will be deemed adequate "where there is a private cause of action against a third party otherwise subject to agency regulation." *Id.* at 1271. In evaluating the availability and adequacy of alternative remedies, however, the court must give the APA "'a hospitable interpretation' such that 'only upon a showing of clear and convincing evidence of a contrary legislative intent should the courts restrict access to judicial review.'" *Id.* at 1270 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 141 (1967)); *see also Bowen v. Massachusetts*, 487 U.S. at 904.

Appellants contend that the district court erred in two respects in holding that they could not bring a claim under the APA challenging the USDA's failure to investigate their civil rights complaints: First, the district court misapplied *Bowen* by disregarding record evidence that under Section 741 there was no real adequate alternative remedy in a court for their failure-to-investigate claims; second, the district court mistakenly relied on this court's precedents involving claims against an agency for failing to regulate third-party wrongdoers, and therefore failed to follow circuit precedent that permits a plaintiff to bring an APA claim for the agency's failure to follow its regulations in addition to a non-APA discrimination claim. Appellants emphasize that their survival as farmers depends in significant part on their ability to obtain federal benefits authorized by Congress to be administered by the USDA, and that when the USDA fails to comply with its regulations for handling and processing administrative complaints, the benefits systems envisioned by Congress are thwarted and their efforts to survive as farmers are stymied. Although this court has no occasion to doubt appellants' claims of harm, their legal challenges to the dismissal of their APA failure-to-investigate claims are unpersuasive.

First, there is clear and convincing evidence that in enacting Section 741 Congress did not intend for complainants who

choose to proceed in the district court on their ECOA claims to pursue their failure-to-investigate claims under the APA simultaneously in the same lawsuit. In responding to the dilemma presented by the USDA's failure to investigate discrimination claims, Congress resurrected time-barred claims and gave such complainants two options: either file a complaint in the district court or renew their administrative complaint with the USDA with subsequent judicial review if the USDA denied relief. Although appellants had the option first to renew their administrative complaints with the USDA pursuant to Section 741(b), they chose not to do so. Had appellants done so, the USDA would have been obligated to process, investigate, and adjudicate appellants' complaints of discrimination in a timely fashion and absent relief *de novo* judicial review would be available. Having chosen instead to proceed directly to the district court pursuant to Section 741(a), appellants' complaints sought declaratory and injunctive relief that the USDA should have investigated their old, unrenewed administrative complaints about discrimination and requiring USDA to develop a better processing system for such claims — in other words to grant appellants the relief that they chose to forego when they filed their lawsuits pursuant to Section 741(a). By extending the statute of limitations for administrative complaints and by providing for judicial review of USDA's determinations, Congress provided appellants an adequate remedy in court within the meaning of the APA. Appellants are therefore barred from relying on the APA to obtain relief they chose to forego.

Appellants contend, however, that they were entitled to seek a court order pursuant to the APA to remedy the USDA's failure to investigate their old administrative complaints because the alternative administrative option under Section 741(b) was illusory. To that end, appellants offered unrebutted evidence that the USDA never successfully implemented the required administrative process; they also suggested that no plaintiff has

yet obtained *de novo* district court review pursuant to Section 741(b).[5] Because of the flaws in the Section 741(b) option, appellants conclude that they may obtain through their Section 741(a) complaint relief under the APA promised by Section 741(b).

There are two problems with appellants' approach. The first is simply a matter of statutory interpretation. Adoption of appellants' interpretation would effectively rewrite the statute that Congress specifically enacted in response to the USDA's failure to address discrimination complaints. The plain text of Section 741 required complainants to make a choice between going to court immediately or first renewing their administrative complaints. Congress required the USDA to process, investigate, and adjudicate the renewed administrative complaints and afforded complainants who obtained no relief the opportunity to seek *de novo* review in the district court. Each option afforded an in-court remedy. Moreover, had appellants renewed their administrative complaints pursuant to Section 741(b) and thereby attempted to obtain relief pursuant to the APA through the USDA's administrative process, and been unable to obtain a final determination due to the USDA's unreasonable delay, they could have sought, as government counsel acknowledged during oral argument, relief in the district court under *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984). *Cf. In re Core Commc'ns, Inc.*, 531 F.3d 849, 855, 860 (D.C. Cir. 2008); *In re Tennant*, 359 F.3d 523, 531 (D.C. Cir. 2004). Appellants' futility contention, then, fails to show that in enacting Section 741 Congress did not intend to require eligible complainants to make a choice between two remedial regimes.

---

[5] *See, e.g.*, Decl. of Rosalind Gray, Former Director, USDA Office of Civil Rights, Apr. 6, 2002; Gray Supp. Decl., Oct. 18, 2006; Gray Second Supp. Decl., Sept. 12, 2007; *Benoit v. U.S. Dep't of Agric.*, 577 F. Supp. 2d 12 (D.D.C. 2008).

*Cf. Engine Mfrs. Ass'n v. EPA*, 88 F.3d 1075, 1088-89 (D.C. Cir. 1996).

The second problem arises because, even giving credence to appellants' futility suggestion, they still would be unable to show that they lack an adequate remedy at law. Under the ECOA, to the extent appellants can offer proof that the USDA discriminated against them in the administration of its credit programs, appellants will be entitled to recover money damages and attorneys' fees, and, as appropriate, also injunctive and declaratory relief. 15 U.S.C. § 1691e. This court's precedent in *Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521 (1983) (en banc), and its progeny — *Coker v. Sullivan*, 902 F.2d 84 (1990), and *Women's Equity Action League v. Cavazos* ("*WEAL*"), 906 F.2d 742 (1990) — make clear that an ECOA discrimination claim filed directly against the USDA would be adequate to preclude a cause of action under the APA. In those cases the court held that the plaintiff could not maintain an action under the APA directly against a federal agency for failure to investigate and rectify the wrongdoing of a third party where Congress had provided the plaintiff with a private right of action against the third party. *See Council*, 709 F.2d at 1531-33; *Coker*, 902 F.2d at 89-90; *WEAL*, 906 F.2d at 750-51. For example, in *Council*, the plaintiffs had alleged that the Office of Revenue Sharing had failed to process and resolve administrative complaints in a timely manner. On appeal, they contended that a national suit against the federal agency would be more effective. This court held that even so the remedy in the form of a private suit against state and local governments provided by Congress was adequate to address the alleged discrimination. *Council*, 709 F.2d at 1532-33.

The relevant question under the APA, then, is not whether private lawsuits against the third-party wrongdoer are as effective as an APA lawsuit against the regulating agency, but whether the

private suit remedy provided by Congress is adequate. *See Council*, 709 F.2d at 1532; *WEAL*, 906 F.2d at 751. As a result, the availability of actions against individuals may be adequate even if such actions "cannot redress the systemic lags and lapses by federal monitors" and even if such "[s]uits directly against the discriminating entities may be more arduous, and less effective in providing systemic relief, than continuing judicial oversight of federal government enforcement." *WEAL*, 906 F.2d at 751. This is because the court concluded in *Council*, *Coker*, and *WEAL*, "situation-specific litigation affords an adequate, even if imperfect, remedy." *Id.* As explained in *El Rio Santa Cruz*, third-party suits are an adequate remedy for the alleged victims of statutory violations, like unlawful discrimination, because they provide relief of "the same genre" as that offered by an APA claim. 396 F.3d at 1272 (quoting *WEAL*, 906 F.2d at 751).

Appellants' attempts to avoid this precedent are unpersuasive. The court has confirmed that its approach is consistent with the Supreme Court's construction of the APA in *Bowen*. In *El Rio Santa Cruz*, the court explained that, consistent with *Bowen*, *Council*, *Coker*, and *WEAL* held that an alternative adequate remedy at law exists where Congress chooses to grant those allegedly aggrieved by agency failure to remedy the wrongs of a regulated third parties a private cause of action against those third parties. 396 F.3d at 1270-71. The fact that appellants fault the USDA's regulation of itself and not its regulation of a third party does not mean that *Council* and its progeny are inapposite, because there is no material difference between the adequacy of the ECOA remedy and the third-party actions in *Council*, *Coker* and *WEAL*. The suggestion that ECOA relief would not vindicate appellants' interest in ensuring that the USDA adheres to its duty-to-investigate regulations, was rejected in *Council*, *Coker*, and *WEAL* when the court concluded that a direct action against a regulated private party was an adequate remedy at law for whatever additional injury a plaintiff suffered as a result of a

federal agency's failure to remedy that violation administratively. *See Council*, 709 F.2d at 1531-33; *Coker*, 902 F.2d at 89-90; *WEAL*, 906 F.2d at 750-51. If anything, an ECOA discrimination claim filed directly against the USDA affords a better remedy than those available in *Council*, *Coker*, and *WEAL*. If successful, a plaintiff can obtain declaratory and injunctive relief against the agency itself, in addition to money damages, and such remedies would presumably deter the USDA to the same extent as a successful APA claim from discriminating against plaintiff-credit applicants and failing to adhere to its duty-to-investigate regulations. On appellants' view of *Council*, *Coker*, and *WEAL*, the availability of a direct ECOA claim against a private creditor would constitute an adequate remedy barring APA challenges to the FTC's oversight of a private creditor, *see* 15 U.S.C. §§ 1691c, 1691c(a)-(c); *see also* 22 Op. Off. Legal Counsel 11, 1998 WL 1180049, at \*1, but the availability of a nearly identical claim against the USDA would not constitute an adequate remedy. Appellants cannot show that Congress intended such disparate results.

*McKenna v. Weinberger*, 729 F.2d 783 (D.C. Cir. 1984), is of no assistance to appellants. In *McKenna*, the court held that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, did not provide the exclusive judicial remedy for a probationary employee's claim that the agency failed to follow its regulations in effecting an allegedly discriminatory discharge. *Id.* at 791. The court observed that "Ms. McKenna's claim under the APA is *not* one of discrimination. Rather, she charges that the agency, whether its motive was legal or illegal, failed to conform to its own regulations. She does not claim that these procedural violations constitute employment discrimination." *Id.* (emphasis in original). In other words, her claim related to a personnel matter that was completely distinct from her gender discrimination. Here, by contrast, appellants' APA failure-to-

investigate and lending discrimination claims are inextricably linked.

As appellants read *McKenna*, it stands for the proposition that a plaintiff may always bring an APA claim alleging that an agency failed to follow its own regulations in processing or investigating discrimination allegations, notwithstanding the existence of other adequate remedies at law. But *McKenna* cannot bear the weight that appellants place upon it. In *McKenna*, the court did not address whether the judicial and administrative procedures under Title VII constituted an adequate remedy at law so as to preclude APA review and so cannot be read, as appellants urge, as inconsistent with *Council* and its progeny. Appellants cite to no case that reads *McKenna* that way, and such precedent as we have found does not support their position.[6] In *McKenna* the court simply assumed without deciding that Title VII procedures did not constitute an adequate remedy at law. *Cf. Trudeau v. FTC*, 456 F.3d 178 (D.C. Cir. 2006). Appellants' other authorities also provide no support. For instance, their reliance on *Esch v. Yeutter*, 876 F.2d 976, 984-85 (D.C. Cir. 1989), is misplaced; the court held only that the potential availability of a cause of action in the Claims Court was not an adequate remedy because that court lacked equitable jurisdiction and it was doubtful that court had jurisdiction over the plaintiffs claims.

Remaining are appellants' APA claims that the USDA discriminated in dispersing non-credit disaster benefits, which are not covered by Section 741. We remand these claims. As to the Garcia appellants, the district court's dismissal did not address their non-credit claims. *See* Order, *Garcia v. Veneman*, Civ. No.

---

[6] *See Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 3 & n.2 (D.D.C. 1998); *Lynch v. Bennett*, 665 F. Supp. 62, 64-65 (D.D.C. 1987).

00-2445 (Nov. 30, 2007). As to the Love appellants, the district court's conclusion that there was no reason to allow them to proceed with their non-credit claims "at this time," *Love*, 525 F. Supp. 2d at 161, was not a dismissal with prejudice, *see Foremost Sales Promotions, Inc. v. Dir., Bureau of Alcohol, Tobacco & Firearms*, 812 F.2d 1044, 1045-46 (7th Cir. 1987); 12 MOORE'S FEDERAL PRACTICE § 58.02. Finally, the court will not address the government's jurisdictional and other contentions for dismissal of these claims because the district court has yet to rule on them and they were not adequately briefed in this interlocutory appeal.

Accordingly, we affirm the dismissals of appellants' APA failure-to-investigate claims and otherwise remand the cases to the district court.