# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2018

Lyle W. Cayce
Clerk

No. 17-40305

MARIA GEORGINA DE LA GARZA GUTIERREZ; MARIA GUADALUPE
DE LA GARZA MONTEMAYOR,

                                   Plaintiffs - Appellants

v.

MIKE POMPEO, SECRETARY, U.S. DEPARTMENT OF STATE; UNITED
STATES OF AMERICA,

                                   Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CV-223

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

    IT IS ORDERED that the opinion previously filed in this case, *Gutierrez v. Pompeo*, No. 17-40305, — F. App'x —, 2018 WL 3409990 (5th Cir. July 11, 2018), is WITHDRAWN. The following opinion is substituted therefor:

    The U.S. Department of State refused to renew the plaintiffs' passports, claiming that their birth records had been falsified and that they were not U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40305

citizens. The plaintiffs sued the Secretary of State and the United States under the Administrative Procedure Act. The district court determined that 8 U.S.C. § 1503 provided an adequate alternative remedy to review under the Administrative Procedure Act and therefore dismissed for lack of subject matter jurisdiction. The district court also denied the plaintiffs' motion for leave to amend their complaint to add causes of action under § 1503. It instead required them to abandon their existing causes of action and allege only § 1503 claims. We agree with the district court that it lacked subject matter jurisdiction to hear the plaintiffs' Administrative Procedure Act claims but conclude that it abused its discretion by denying leave to amend to add § 1503 claims. We therefore AFFIRM in part, REVERSE in part, and REMAND.

## I.

Maria Georgina De La Garza Gutierrez ("De La Garza") and Maria Guadalupe De La Garza Montemayor ("Montemayor") are sisters. According to their complaint,[1] De La Garza and Montemayor were born in Brownsville, Texas, in March 1952 and March 1950, respectively. Both were baptized in Brownsville, but their father registered the births in Mexico. Later, on April 15, 1954, the sisters' parents also registered their births in Brownsville.

Both sisters' passports were set to expire in 2016, and they applied to renew them in 2015. Upon applying, each sister received a letter from the U.S. Department of State alleging that their birth records had been filed by a birth attendant suspected of submitting false birth records and asking them for further information to establish their U.S. citizenship. The State Department

---

[1] This factual summary is drawn from the complaint. As the district court based its dismissal solely on the facts alleged in the complaint, we accept the sisters' allegations as true. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016), *cert. denied sub nom. Pundt v. Verizon Commc'ns, Inc.*, 137 S. Ct. 1374 (2017).

No. 17-40305

formally denied both applications on October 28, 2016—that is, only after both passports had expired and after the sisters had filed this lawsuit.

Montemayor was in the United States when the complaint was filed but planned to join her ailing husband in Mexico after filing the amended complaint. De La Garza is a resident of San Benito, Texas.

On August 24, 2016, De La Garza sued the Secretary of State and the United States[2] in the U.S. District Court for the Southern District of Texas. Two days later, she amended her complaint to add Montemayor as a plaintiff. The sisters alleged causes of action under the Administrative Procedure Act ("APA"), Pub. L. No. 404, 60 Stat. 237 (1946) (codified as amended in scattered sections of 5 U.S.C.). They also sought a declaration of U.S. citizenship under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Government filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). It argued that 8 U.S.C. § 1503 provided an adequate alternative remedy to APA review, thus depriving the district court of subject matter jurisdiction.

The district court held a telephone conference on February 9, 2016, which was neither transcribed nor recorded. After that conference, the sisters moved for leave to amend their complaint to add claims under § 1503. The district court denied the sisters' motion and directed them to file an amended complaint asserting *only* a § 1503 cause of action. The court advised the sisters that if they elected not to amend their complaint, it would rule on the motion to dismiss. The sisters informed the court that they did not wish to waive their APA claims, that they would not amend their complaint, and that they would instead file a new action limited to § 1503.

The district court granted the motion to dismiss. It held that § 1503 provided an adequate alternative remedy to the APA, thereby depriving the

---

[2] We refer to the defendants in this lawsuit collectively as the "Government."

3

court of subject matter jurisdiction. The court also held that neither the federal-question statute nor the Declaratory Judgment Act provided jurisdiction.[3] And the court dismissed the United States as an improper party under § 1503, which authorizes an action against the head of a department or agency only. The sisters timely appealed. This appeal was held in abeyance pending a decision in *Hinojosa v. Horn*, No. 17-40077. The court issued an opinion in that case on May 8, 2018. *Hinojosa v. Horn*, No. 17-40077, 2018 WL 2123271 (5th Cir. May 8, 2018) (per curiam).

## II.

We first consider the district court's dismissal of the sisters' APA claims for lack of subject matter jurisdiction. Consistent with this court's recent decision in *Hinojosa*, we conclude that 8 U.S.C. § 1503 provides an adequate alternative remedy to APA review and that the district court therefore lacked subject matter jurisdiction to hear the sisters' APA claims.

### A.

We review a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016), *cert. denied sub nom. Pundt v. Verizon Commc'ns, Inc.*, 137 S. Ct. 1374 (2017). Where, as here, the district court based its decision strictly on the allegations of the complaint, we presume those allegations to be true. *Id.*

### B.

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Section 702 waives the Government's sovereign immunity. *See Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014). But

---

[3] The sisters do not address these holdings on appeal.

the waiver is a limited one. It applies only to "actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review." *Id.* (quoting *Sheehan v. Army & Air Force Exch. Serv.*, 619 F.2d 1132, 1139 (5th Cir. 1980), *rev'd on other grounds*, 456 U.S. 728 (1982)). There are additional limits on the waiver. Relevant to this case is the one found in 5 U.S.C. § 704. That section restricts judicial review under the APA to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see Jobs, Training & Servs., Inc. v. E. Tex. Council of Gov'ts*, 50 F.3d 1318, 1323 n.3 (5th Cir. 1995).

Section 704 reflects Congress's intent that "the general grant of review in the APA [not] duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). The alternative remedy need only be "adequate." *See Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C. Cir. 2009). Section 704 does not require that the alternative be "as effective as an APA lawsuit," merely that it provide the "same genre" of relief. *Id.*; *compare Bowen*, 487 U.S. at 906-08 (concluding that an alternative remedy in the Claims Court was inadequate because the Claims Court lacked the power to grant equitable relief), *with Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 846 F.3d 1235, 1245-46 (D.C. Cir. 2017) (concluding that the Freedom of Information Act was adequate alternative remedy even though it only provided for making documents available to the plaintiff and the plaintiff also sought an order making documents available to public). Although the alternative remedy must provide for review in the plaintiff's direct appeal, it may nonetheless require multiple steps to get there. *See Hinojosa*, 2018 WL 2123271, at *3 (first citing *Sackett v. EPA*, 566 U.S. 120, 127 (2012); then citing *Dresser v. Meba Med. & Benefits Plan*, 628 F.3d 705, 710-11 (5th Cir. 2010)). Still, a plaintiff need not pursue a remedy whose existence is "doubtful" or "uncertain." *Citizens for Responsibility*, 846 F.3d at 1245. Nor is the plaintiff

required to run the risk of enforcement proceedings or pursue an "arduous, expensive, and long" permitting process to seek review of an already-final agency action. *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 136 S. Ct. 1807, 1815 (2016).

Because both sisters were inside the United States when they filed their complaint, our review would normally focus solely on 8 U.S.C. § 1503(a). That section empowers a person inside the United States to seek a declaratory judgment that the person is a U.S. national in the face of an agency decision declaring otherwise.[4] The complaint alleged, however, that Montemayor intended to go to Mexico immediately after filing, and counsel on appeal has represented that Montemayor did indeed depart for Mexico after filing. Thus, we will also consider the procedures in 8 U.S.C. § 1503(b)-(c), which apply to persons "not within the United States."

A person not within the United States must first apply to "a diplomatic or consular officer of the United States" for a certificate of identity. *Id.* § 1503(b). The officer "*shall* issue" the certificate "[u]pon proof to the satisfaction of such . . . officer that such application is made in good faith and has a substantial basis." *Id.* (emphasis added). If the officer declines to issue the certificate, the applicant is "entitled to an appeal to the Secretary of State," *id.*, whose decision may be challenged under the APA, *see Hinojosa*, 2018 WL 2123271, at *5. The certificate, if granted, allows the person to travel to a U.S. port of entry and apply for admission. 8 U.S.C. § 1503(b)-(c). If denied, then the person is treated as an arriving alien and may seek "[a] final determination by

---

[4] *See* 8 U.S.C. § 1503(a) ("If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . .").

the Attorney General," "subject to review . . . in habeas corpus proceedings and not otherwise." *Id.* § 1503(c). If admission is granted, then the person will be within the United States and therefore able to seek a declaratory judgment under § 1503(a). *See Hinojosa*, 2018 WL 2123271, at *4.

We find the reasoning of *Hinojosa* persuasive and adopt it. *See United States v. Velasquez*, 825 F.3d 257, 259 (5th Cir. 2016) (citing 5th Cir. R. 47.5.4). In that case, we held that § 1503 provided an adequate alternative remedy to the APA. *See Hinojosa*, 2018 WL 2123271, at *6. We first explained that "the wrong to be remedied is the deprivation of U.S. passports"—precisely the type of wrong sought to be remedied by § 1503, which applies the denial of "a right or privilege . . . upon the ground that [t]he [person] is not a national of the United States." *See id.* at *4. We then considered the plaintiffs' two avenues for relief: a declaratory judgment action under § 1503(a) if admitted and a petition for a writ of habeas corpus under § 1503(c) if not. *See id.* at *5. Both forums directly address the plaintiffs' claims to citizenship and would "overturn the basis for the deprivation of their U.S. passports." *Id.* This provides a "direct and guaranteed path to judicial review," that "comprises 'both agency obligations and a mechanism for judicial enforcement.'" *Id.* (quoting *Citizens for Responsibility*, 846 F.3d at 1245).

We also distinguished *Rusk v. Cort, see id.* at *5-6, in which the Supreme Court held that a U.S. citizen stripped of his citizenship while living abroad could challenge the denial of his passport under the APA. *See* 369 U.S. 367, 379-80 (1962), *abrogated in part by Califano v. Sanders*, 430 U.S. 99 (1977). We noted that "the *Rusk* Court never explicitly discusses the adequacy requirement of the APA, and *Rusk* has rarely been relied on by either the Supreme Court or this Court when discussing it." *See Hinojosa*, 2018 WL 2123271, at *5. Moreover, *Rusk*, we determined, was distinguishable. *See id.* at *6. The plaintiff in *Rusk* lived in Europe. *See id.* at *6 (citing *Rusk*, 369 U.S.

at 369). He had been criminally indicted and risked arrest and prosecution if he sought entry to challenge the denial of his passport under § 1503. *See id.* (citing *Rusk*, 369 U.S. at 369, 375-79). Such was not the case in *Hinojosa.* The plaintiffs faced a "far less treacherous" path to judicial review: neither had been criminally indicted and both were at the U.S. border seeking entry. *See id.*

The same is true here. According to the complaint, De La Garza is already in the United States and can therefore simply file a declaratory judgment action under § 1503(a).[5] Counsel has represented to us that Montemayor has departed for Mexico. But there is no indication that she has been criminally indicted or that she seeks to avoid reentry into the United States like the *Rusk* plaintiff.[6]

We therefore conclude that § 1503 provides an adequate alternative remedy to APA review. The district court therefore correctly dismissed the sisters' APA claims.

## III.

We reach a different conclusion with respect to the denial of leave to amend. The sisters moved for leave to amend their complaint to add a cause of

---

[5] The sisters' brief on appeal repeatedly argues that § 1503(a) does not provide an adequate alternative to the APA because it provides for de novo review of the agency decision. We fail to see how that undercuts the case that § 1503(a) is an adequate alternative. "[R]elief will be deemed adequate 'where a statute affords an opportunity for de novo district-court review' of the agency action." *Garcia*, 563 F.3d at 522-23 (quoting *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005)). This is because "[a]n alternative that provides for *de novo* district-court review of the challenged agency action offers further evidence of Congress' will [to bar APA review], given the frequent "incompat[ibility]" between *de novo* review and the APA's deferential standards." *Citizens for Responsibility*, 846 F.3d at 1245; *see also* 5 U.S.C. § 706 (providing standards of review in APA proceedings).

[6] As we explain in the following section, we leave it to the district court to decide in the first instance whether Montemayor may seek a declaratory judgment under § 1503(a) notwithstanding her post-complaint departure from the United States.

action under § 1503 after the district court indicated its intention to dismiss their APA claims. But the district court conditioned leave to amend on the sisters' abandonment of their APA claims, leading the sisters to instead decline to amend and pursue their § 1503 claims in a separate action. That, we hold, was error.

### A.

This court reviews the denial of a motion for leave to amend a complaint for abuse of discretion. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). Abuse of discretion is normally a generous standard, requiring only that the district court's judgment be reasonable. *Id.* at 291-92. Under Rule 15, however, "the district court's discretion is considerably less." *Id.* at 295 (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)). This is because "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The court's authority to deny leave is therefore circumscribed:

> In fact, the Supreme Court has enumerated just "five considerations in determining whether to deny leave to amend a complaint: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'"

*Edionwe*, 860 F.3d at 295 (quoting *Rosenzweig*, 332 F.3d at 864). "Absent such factors, the leave sought should, as the rules require, be freely given." *Id.* (quoting *Rosenzweig*, 332 F.3d at 864).

### B.

The district court abused its discretion because none of the factors justified denial of leave to amend.

The district court appears to have viewed the APA claims as frivolous and the § 1503(a) claims as non-frivolous. As a result, it conditioned the sisters'

amendment of their complaint to assert a non-frivolous cause of action on their abandonment of the frivolous one. Although a district court may deny leave to amend a complaint to assert futile or frivolous claims, *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 771 (5th Cir. 1999), denial of leave to amend is improper where the amendment adds claims that are not clearly futile, 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487 (3d ed. 2010). Here, the claims that the district court deemed meritless were not *additions*, they were already in the complaint. Thus, the sisters were amending their complaint solely to add non-frivolous claims.

Under the circumstances, there was no justification for conditioning leave to amend on the abandonment of the APA claims. The district court's refusal to grant leave to amend required the sisters to choose between abandoning their APA claims and having their case dismissed. Opting for the former risked waiving any appeal of an issue on which there was no controlling circuit precedent.  Although the district court had indicated its inclination to dismiss the APA claims during a telephone conference, that telephone conference was neither transcribed nor recorded. The district court during that telephone conference only indicated that it was inclined to grant the motion to dismiss but did not actually rule on it. Thus, the sisters lacked a ruling from the district court that would be appealable upon entry of final judgment.

Moreover, no other factor justified denial of leave to amend. The sisters did not unduly delay moving to amend: they filed their motion just four days after the February 9 conference, at which point the case was less than six months old and had not proceeded past the motion to dismiss stage. There is no evidence of bad faith or a dilatory motive—indeed, the district court expressly permitted the sisters to file an amended complaint and they did so promptly. The sisters had previously amended only once as of right. There is no undue prejudice to the Government, especially since the Government

insisted both below and in this court that § 1503(a) provided the proper cause of action for the sisters. *Cf. Farias v. Bexar Cty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 874 (5th Cir. 1991) (holding no undue prejudice to plaintiff where amended answer filed one month before trial contained new affirmative defenses of which plaintiff was already on notice). The Government suggests that the district court's denial was justified by the sisters' repeated refusal to follow the district court's instructions. However, the sisters only sought to preserve for appeal their argument that they could seek review under the APA. *See Cranford v. Morgan S., Inc.*, 421 F. App'x 354, 357 (5th Cir. 2011) (refusing to consider on appeal motion that party abandoned in district court).

Accordingly, the district court erred by conditioning leave to amend on the sisters' abandonment of their APA claims and denying leave to amend to add § 1503 claims.[7]

## IV.

For the foregoing reasons, we AFFIRM the district court's dismissal of the sisters' APA claims. However, we REVERSE the denial of the motion for leave to amend and REMAND to the district court for further proceedings.

---

[7] The sisters have since filed separate actions under § 1503. We leave it to them to decide whether to maintain their separate actions or instead to amend their complaint in this action to assert claims under § 1503. We also leave it to the district court to decide in the first instance whether Montemayor may assert a cause of action under § 1503(a) because she was within the United States when she filed her complaint.

No. 17-40305

JAMES L. DENNIS, Circuit Judge, concurring in part and concurring in the judgment:

I write separately because, though I acknowledge that *Hinojosa v. Horn*, No. 17-40077, 2018 WL 2123271 (5th Cir. May 8, 2018), is binding on this panel, I continue to adhere strongly to the dissenting views I expressed therein. To the extent that Montemayor would be required to comply with 8 U.S.C. § 1503(b)–(c), I reiterate my view that § 1503(b)–(c) does not provide an adequate remedy for persons outside of the United States who do not seek admission to the country prior to a determination of citizenship. *See Hinojosa*, 2018 WL 2123271, at \*9–12 (Dennis, J., dissenting). If Montemayor does not seek to enter the United States before challenging her citizenship determination, she should be entitled to seek judicial review pursuant to the Administrative Procedure Act without complying with § 1503(b)–(c). Accordingly, I concur only in the judgment with respect to Montemayor's APA claim. Otherwise, I concur in full.